Robert FLYNN a/k/a Keith Brizzie, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 49S02–8609–CR–827.

Supreme Court of Indiana.

Sept. 19, 1986.
Dissenting Opinion Sept. 22, 1986.

Kenneth T. Roberts, Kenneth T. Roberts & Associates, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

SHEPARD, Justice.

This case requires us to decide whether it is an abuse of discretion for a trial judge to refuse a defendant's request to reopen his case after having already rested. The Court of Appeals concluded that the facts of this case demonstrated an abuse of discretion and vacated appellant Robert Flynn's conviction for robbery while armed with a deadly weapon. *Flynn v. State* (1986), Ind.App., 488 N.E.2d 735 (Conover, J., dissenting). We hold that the trial judge did not abuse her discretion and grant transfer to affirm the trial court.

Flynn was charged with the armed robbery of an Imperial Gas Station on the east side of Indianapolis. One attendant chose Flynn's picture from an array of photographs but was unsure when asked to identify the defendant in court. Another attendant had chosen the same photograph and made a positive identification in the courtroom. Flynn's friend Robert Carney testified that the defendant admitted that he robbed the gas station and later called from jail asking that he not testify. "He told me that he could get out of all of it. That they didn't have enough evidence against him and that I was the only one who could hurt him."

The State finished presenting its case in chief on a Thursday afternoon and rested. Defense counsel asked for a recess and, upon returning, the defense also rested. The court adjourned until the next morning.

On Friday morning, the defendant requested the opportunity to address the court personally. Because Flynn's understanding of court procedures is an issue, we quote a portion of his presentation:

Well, first of all, Your Honor, there's been a few things that's come up since this trial started that I would like to bring to your attention. One, I would like to make an oral motion for mistrial. Before trial started a motion for separation of witnesses was made. All during the trial Detective Schemenaur set at the

914

Prosecutor's side during the whole trial knowing he was going to be a witness in this trial. During at least one or more occasions, recesses, Detective Schemenaur was seen talking to all of the witnesses for the prosecution. Also, I personally observed Detective Schemenaur leave the court right before State's witness made an in the court identification during the trial.... At this time I respectfully request the Court to conduct a hearing to determine if Detective Schemenaur has violated the Court's order of separation of witnesses.

The court held a hearing on this issue and took testimony. It also held a hearing on Flynn's motion, offered *pro se*, concerning possible prejudice resulting from being brought to the courtroom in the company of a deputy.

As these questions and others were being resolved, Flynn once again addressed the court:

Excuse me, Your Honor, yesterday I was told that when the State rested and we rested that that was time for closing arguments I believe now, or something to that nature, but I took it completely wrong. I figured, you know, when you said rest that, you know, everybody was going home for the night, you know and continue this trial today. I haven't even testified in this matter and I do wish to take the stand in my own defense and call Tony Durham for a witness as he was supposed to testify yesterday.

Defense counsel indicated to the court that he had discussed the possibility of testifying with his client the previous afternoon and that Flynn had decided he would not. Counsel had explained to him that the next thing that would happen was final argument. After this conversation, counsel had returned to open court with his client and rested.

The prosecutor objected to Flynn's request to reopen, arguing that it was part of a continuing pattern of obstructionism. He noted that Flynn had told the officers who brought him back to Indiana for trial that he planned to cause trouble. He also reminded the court that Flynn had requested a line-up and then refused to participate after all the witnesses were assembled. Finally, the prosecutor also pointed out that he had kept his witnesses under subpoena until he knew whether the defendant was going to present any evidence in case they were needed for rebuttal. After the defense rested, these witnesses were released. Although it appeared that they were probably still available, the State argued that they had been inconvenienced enough already by Flynn.

The judge noted that Tony Durham, the witness Flynn wanted to call, was a federal prisoner who had been held at court all day Thursday and then returned to the place of his incarceration by federal marshalls. His attendance would require a new writ of habeas corpus.

The trial court found that the defendant had ample opportunity to consider whether to testify over the several months before trial and during the trial itself. Taking note of the return of the federal prisoner and the release of the State's witnesses, she found that the State would be prejudiced by granting Flynn's request to reopen. The request was denied. The trial concluded and Flynn was found guilty.

Whether to grant a party's motion to reopen his case after having rested is a matter committed to the sound discretion of the trial judge. The decision will be set aside only when it appears that this discretion has been abused. *Owen v. State* (1978), 269 Ind. 513, 381 N.E.2d 1235. Among the factors which weigh in the exercise of discretion are whether there is any prejudice to the opposing party, whether the party seeking to reopen appears to have rested inadvertently or purposely, the stage of the proceedings at which the request is made, and whether any real confusion or inconvenience would result from granting the request. Where the defendant seeks to reopen for the purpose of testifying, his request is buttressed by the right to testify which the Indiana Constitution confers. Ind. Constitution, Art. I, Sec. 13.

This Court has enunciated a standard for reviewing the exercise of judicial discretion which has been granted to the trial courts:

> The term "sound judicial discretion" always brings into question on appeal whether discretion was "wisely or unwisely" exercised, or "unreasonably exercised", or constituted "prejudicial abuse" of discretion; or, as stated by the Supreme Court of the United States, whether its exercise was "clearly erroneous". It would appear that the descriptions, as above recited, when used by the various courts, very aptly and accurately express the exact judicial meaning of the term "abuse of discretion." Generally speaking there are two conditions which must be shown to exist to justify a court of appellate jurisdiction in setting aside a ruling made by a trial court in the exercise of judicial discretion:
>
> 1) that the action complained of must have been unreasonable in the light of all attendant circumstances or it must have been clearly untenable or unreasonable; and
>
> 2) that such action was prejudicial to the rights of the complaining party.

*Allman v. State* (1968), 253 Ind. 14, 19–20, 235 N.E.2d 56, 59.

Judge Conover's dissent in this case states the matter every bit as well: "That we might have decided differently were we on the trial bench is unimportant, it matters only whether the trial court manifestly abused its discretion." 488 N.E.2d at 738.

■ The trial court acted within the range of its discretion in denying Flynn's request to reopen. It is clear enough that Flynn understood the nature of trial procedure and intentionally waived his right to present evidence on Thursday afternoon. Whether all the remaining witnesses could be retrieved at a snap of Flynn's fingers was open to doubt. That they had been inconvenienced by Flynn before was not. There was little indication of the nature of the evidence which Flynn wished to present. The only inkling the trial court had about Flynn's own testimony was his notice of alibi, which stated that he was at a place other than the scene of the crime but that he could not remember where and hoped to find witnesses who could help him remember.

### Other Issues

Appellant asserts that the trial court erred by denying a motion for mistrial in which he cited violation of the court's order for separation of witnesses. Detective Gerald Schemenaur had assisted the prosecutor in the courtroom and admitted that he had discussed the case with another police officer, the latter a potential witness. This discussion occurred in the hallway where other witnesses were waiting; Schemenaur said it was possible that their discussion was overheard but that he believed it was not. The trial judge found this violation of the separation order an inadequate basis for granting a mistrial.

■ Flynn also finds error in the court's denial of a motion for mistrial which was based upon allegations of prosecutorial misconduct during final argument. He claims that the prosecutor unfairly commented upon his failure to testify by highlighting the testimony of State's witnesses and arguing that "defense counsel was not able to demonstrate to you any that Bob Carney was lying to you at all." Arguments which focus on the uncontradicted nature of the State's evidence do not violate a defendant's Fifth Amendment rights. *Mayes v. State* (1984), Ind., 467 N.E.2d 1189.

Finally, Flynn challenges the sufficiency of the evidence, claiming that newly discovered evidence presented at his sentencing hearing casts doubt on the adequacy of the identification made by the two attendants. Both had testified that the perpetrator had longer than average hair and a mustache. Flynn's mother and his barber testified that he had his hair cut within five weeks of the robbery. The barber testified that Flynn did not have a mustache at the time he cut his hair.

One of the gas station attendants had testified that the robber had a light mus-

tache, "as if he hadn't shaved for a day or two." The other attendant testified that he had a "little bit" of facial hair, as though he was "trying to grow some in." The photograph each identified as the robber showed a light mustache.

In order to prevail on this kind of sufficiency claim, Flynn must establish that the new evidence demonstrates that a second trial would probably produce a different result. *Best v. State* (1982), Ind. App., 439 N.E.2d 1361. The new evidence offered by appellant is not substantially different from that upon which the jury's verdict was based. It is not enough to demonstrate that the evidence at trial was insufficient.

The State's petition for transfer is granted and the judgment of the trial court is affirmed.

GIVAN, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The majority opinion has set forth in detail the circumstances surrounding the motion of the defense to reopen its case. The motion sought an opportunity for the defendant to testify in his own defense and to present the testimony of one Tony Durham. There is good reason to believe that Flynn himself would have denied participation in the crime and perhaps offered an alibi. In my opinion, the ruling of the court denying the motion, insofar as it denied the defendant Flynn himself the chance to testify was an unreasonable exercise of the trial court's authority.

The right of the criminal defendant to testify and present his side of the story to the trier of fact in law set apart from the more general right to present defenses. The right received express mention in the Indiana Bill of Rights which provides "In all criminal prosecutions, the accused shall have the right ... to be heard by himself and counsel ..." IND. CONST. Art. 1, Sec. 13. Based upon this and the obvious

pertinence of the defendant's own testimony and notions that go to the fair administration of criminal justice, courts in practice generally take special measures to facilitate the exercise of the right. At the appellate level such measures can be observed when courts refer the motion of the defendant to reopen after resting to give his own testimony as being a motion to withdraw the waiver of the right to testify which occurred when the defense rested. When for example courts consider whether a trial court discretionary ruling upon a motion to withdraw a waiver of jury trial was error, closer judicial scrutiny is in fact often apparent. Cf. *Williams v. State* (1974), 159 Ind.App. 470, 307 N.E.2d 880. In the case at bar, when the personal right of the defendant is viewed in this heightened fashion and added to the detailed circumstances set forth in the majority opinion, it reveals that the ruling of the trial court was unreasonable and an abuse of discretion. Therefore I would reverse the judgment of the trial court.