**Doris Faye MILES, Michele D. Miller, Derrick T. Conner, Appellants–Defendants,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 20A04–9111–CR–00366.**

Court of Appeals of Indiana, Fourth District.

May 19, 1992.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellants-defendants.

Linley E. Pearson, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CHEZEM, Judge.

Defendants/Appellants, Doris Faye Miles (Miles), Michele D. Miller (Miller), and Derrick T. Conner (Conner), appeal their

convictions for Battery Resulting in Serious Bodily Injury, class C felony. We reverse and remand for a new trial.

Because we reverse, we address only one of the issues raised by Miles, Miller, and Conner: Did the trial court properly deny their request to impeach a State witness with two misdemeanor convictions for false informing?

On the evening of July 9, 1990, the victim and two friends Stella Sims (Sims) and Carolyn Jackson (Jackson) went to a local park, sat on a seesaw, and drank beer. The victim decided to return home; as he was walking, Miles approached and struck him with what appeared to be a knife. The victim ran, and Miles, Miller and Conner followed him. After approximately one-half block, the victim ran past Theodis Wheeler (Wheeler), and Wheeler tripped him. While the victim lay on the ground, Miles, Miller, Conner and Wheeler kicked and beat him. Shortly thereafter, Wheeler told the other three to "[s]top ... you're going to kill him!" The victim's face was covered with blood, he had trouble breathing, and he lost consciousness. The victim lost his left eye because it ruptured during the beating.

In the early hours of July 10, Elkhart City Police Officer Frank Owens responded to a call, finding Kenny Butts (the victim) on the ground, injured and bloody. Detective Endler's investigation led to the filing of charges [1] against four people: Miles, Miller, Conner and Wheeler.[2]

Miles, Miller and Conner each presented an alibi, both through their own testimony and the testimony of others.

Miles, Miller and Conner contend they are entitled to a new trial because they were not allowed to impeach Sims with two prior misdemeanor convictions for false informing in Elkhart City Court. In February and December, 1990, when she was twenty years old, Sims used her niece's identification to obtain alcohol. After exiting bars, a police officer requested Sims' name, and Sims gave the officer her niece's name. The trial court determined that the convictions could not be used to impeach Sims.

It is well-recognized that "any fact tending to impair the credibility of the witness by showing ... that he is depraved in character, may be shown on cross-examination." *Brooks v. State* (1986), Ind., 497 N.E.2d 210, 216. For impeachment purposes, only convictions for crimes involving dishonesty or false statement, or infamous crimes (treason, murder, rape, arson, burglary, robbery, or kidnapping), may be used to impeach a witness. *Storey v. State* (1990), Ind., 552 N.E.2d 477. It is within the trial court's discretion whether to permit cross-examination to test the credibility of a witness, and we will find reversible error only where there is an abuse of discretion. *Hobbs v. State* (1990), Ind., 548 N.E.2d 164. To show an abuse of discretion by the trial court in controlling the scope of cross-examination, an appellant must show he was prejudiced by the trial court's actions. *Braswell v. State* (1990), Ind., 550 N.E.2d 1280.

As Sims' convictions involved dishonesty and false statements, the trial court abused its discretion in determining that Defendants could not use Sims' convictions to impeach her. *Fassoth v. State* (1988), Ind., 525 N.E.2d 318 (a total denial of cross-examination on an area concerning a witness' credibility amounts to a constitutional denial of the right to cross-examination).

State argues that the three "failed to demonstrate prejudice resulting from

---

1. Miles, Miller and Wheeler were initially charged, on August 7, 1990, with two counts: Battery with a Deadly Weapon, a class C felony, and Battery Resulting in Serious Bodily Injury, a class C felony. In an amended information filed September 12, Conner was likewise charged with the two counts of Battery. Thereafter, on September 27, the four filed a motion to dismiss, alleging that a single act of alleged battery against a single person could not support two counts of Battery. The trial court granted their motion,· and on October 4, State filed an amended information charging Miles, Miller and Wheeler with Battery Resulting in Serious Bodily Injury. Conner's name did not appear in the amended information.

2. Wheeler pleaded guilty to battery as a misdemeanor and testified as a witness for State.

the trial court's control of the scope of cross-examination," and that because "Sims' testimony was merely cumulative of the other eyewitness testimony ... [and] the State presented overwhelming evidence of ... guilt ... any error in the trial court's limitation of cross-examination was harmless," citing *Smith v. State* (1991), Ind., 565 N.E.2d 1059, and *Vann v. State* (1980), Ind.App., 407 N.E.2d 1165, *trans. denied.* These cases do not support State's argument.

In *Smith,* the Indiana Supreme Court held the admission of evidence of marijuana found as a result of an unlawful search of a locked storage room during an in-house arrest of defendant's wife was not harmless where the evidence of large quantities of marijuana found in the defendant's home clearly impaired his assertion of the defense of entrapment. In *Vann,* this Court held that State's attempt to impeach the defendant by commenting upon his constitutional right to remain silent was harmless in light of the overwhelming evidence of the defendant's guilt. Both of these cases involve the admission of evidence. Here, we are concerned with the inadmission of evidence. In cases where we have upheld a trial court's limitation of cross-examination, the inadmitted evidence was either partially or wholly admitted through the testimony of other witnesses. *E.g., Fassoth, supra,* 525 N.E.2d at 323 and *Rinard v. State* (1979), 271 Ind. 588, 394 N.E.2d 160 (limitation of cross-examination was within trial court's discretion where partial evidence regarding witness' crimes of dishonesty was placed before the jury). No evidence regarding Sims' convictions was placed before the jury in the present case.

We cannot say here, where the three offered alibi evidence and thus identity was at issue, the non-disclosure of evidence regarding an eye-witness' credibility, did not have substantial influence on the jury's verdict. *See Miller v. State* (1982), Ind., 436 N.E.2d 1113 (if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error,

it is impossible to conclude that substantial rights were not affected). No record is made of a jury's deliberations. Therefore, we cannot know whether the jury found Sims to be credible and based their verdict upon her testimony. Under the particular facts and circumstances of this case, other cumulative evidence regarding participation in the battery does not overcome the prejudice to Miles, Miller, and Conner. *Fassoth* and *Rinard,* supra.

We reverse and remand for a new trial.

RATLIFF, C.J., and MILLER, J., concurring.