Robert Leo PRICE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–9412–CR–479.

Court of Appeals of Indiana.

Oct. 24, 1995.

Transfer Denied Jan. 9, 1996.

Robert C. Perry, Indianapolis, for appellant.

Pamela Carter, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Robert Leo Price (Price) appeals from his convictions of burglary, a Class B felony[1]; sexual battery, a Class C felony[2]; and his habitual offender adjudication[3].

We affirm.

### ISSUES

Price raises two issues in this appeal:

1. IND. CODE 35–43–2–1 (1988).

2. I.C. 35–42–4–8 (1993 Supp.).

1. Whether the trial court erred by granting the State's motion in limine to exclude from evidence any mention of the prior child molest conviction of a State's witness.

2. Whether the trial court erred by denying Price's motion for a mistrial after the prosecutor allegedly referred to Price's right to remain silent during closing argument.

### FACTS AND PROCEDURAL HISTORY

On March 18, 1993, Eva Perry, the sixty-five year-old victim, was in her home located at 177 North Dickson Street in Indianapolis. Russell Bowles lived in the house behind Eva's, located at 119 North Dickson Street. Robbie Bowles and John Poindexter lived with Bowles.

Early on the evening of March 18, 1993, Price went out drinking with Russell Bowles and Ronnie Parson. When the trio returned to Bowles's house afterward, Russell and Ronnie went immediately inside the house, and Price remained outside. A few minutes later, Bowles heard an alarm sound and a scream.

As Eva Perry was preparing for bed, she heard a loud noise that sounded like her front door being forcibly entered. As she stepped into her hall to investigate, a man came toward her and attacked her. The attacker was later identified as Price. Price grabbed Eva and threw her to the ground and proceeded to rub her vagina and attempted to insert his finger into her vagina. Eva struggled with him and made several attempts to escape. During the scuffle, Price reached down the front of Eva's nightgown and grabbed for her breast. During the struggle, Price threatened to kill Eva several times. Finally, Eva was successful in escaping Price and fled through the front door of her home. Although Eva could not see her attacker's face, she observed that he was tall with a husky build and broad shoulders and had blonde hair.

3. I.C. 35–50–2–8 (1994).

In response to the noise, Russell Bowles, Robbie Bowles and Robbie's daughter came out of their house. Robbie saw Price running in front of Eva's house. John Poindexter saw Price run out of Eva's house and chase after Eva as she fled. Other neighbors observed the struggle between Eva and Price and Eva's escape. Russell Bowles later confronted Price and asked him what he was doing outside, and Price said that he was relieving himself. However, when Price returned to Bowles's house, Price was out of breath, had blood on his hands and appeared scared and nervous. Eva sustained several injuries and had a substantial amount of blood on her person as a result of the attack.

When the police arrived, Detective Chester Price interviewed Price, the defendant, who was generally belligerent and uncooperative. Prior to any mention of arrest or a potential rape, Price told the police that nobody was going to "get him" on a rape charge. (R. 352).

On March 23, 1993, Price was charged by information with one count of burglary, as a Class B felony; and one count of sexual battery, as a Class C felony. On May 24, 1993, the State filed an additional information charging Price with being an habitual offender. Following a two phase jury trial, Price was found guilty as charged. He was sentenced to ten years on Count I, enhanced by fifteen years for the habitual offender adjudication and four years on Count II. These sentences were ordered to be served consecutively, thus Price received an aggregate sentence of 29 years. He now appeals.

### I. Impeachment Evidence

■ Price first contends that the trial court improperly restricted defense counsel's cross examination of a key State witness regarding his prior conviction for child molest.

Russell Bowles testified for the State. Prior to calling Bowles as a witness, the State made an oral motion in limine to exclude from evidence any mention of Bowles's prior convictions. The trial court permitted the defense to question Bowles regarding a prior arson conviction, but refused to allow any mention of his prior child molest conviction. The following exchange occurred at trial after the court granted the State's motion in limine:

THE COURT: Do you understand the motion in limine, sir?

DEFENSE COUNSEL: Yes, I understand the motion in limine, Your Honor, but, uh ...

THE COURT: But what, sir?

DEFENSE COUNSEL: Just for the record, Your Honor, can I—if—without going into his criminal record can I ask him if [he] has ever been convicted of a sex crime?

THE COURT: Is that an Ashton, Ma'am? [directed to the prosecuting attorney].

THE STATE: No, it is not.

THE DEFENSE: Okay.

THE COURT: No, sir, you cannot....

(R. 376–77). During argument on the motion, it was revealed that Bowles had a prior conviction for child molest. Price contends that he should have been permitted to use the child molest conviction to impeach Bowles's credibility as a witness.

■ It is within the trial court's discretion whether to permit cross-examination to test the credibility of a witness, and we will find reversible error only where there is an abuse of discretion. *Currin v. State* (1994), Ind. App., 638 N.E.2d 1319, 1324.

■■ It is well-settled in Indiana that for impeachment purposes, only convictions for crimes involving dishonesty or false statement, or "infamous crimes" may be used to impeach a witness. *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210; *Fletcher v. State* (1976), 264 Ind. 132, 340 N.E.2d 771, 773; *Adams v. State* (1989), Ind.App., 542 N.E.2d 1362, 1366; *Miles v. State* (1992), Ind.App., 591 N.E.2d 642, 643; *Currin*, 638 N.E.2d at 1324. Only convictions for treason, murder, rape, arson, burglary, robbery, kidnapping, forgery, wilful and corrupt perjury, and such other crimes involving dishonesty or false statement are admissible for impeaching the credibility of witnesses. *Ashton*, 279 N.E.2d at 217; *Fletcher*, 340 N.E.2d at 773; *Adams*, 542 N.E.2d at 1367; *Miles*, 591 N.E.2d at 643; *Currin*, 638 N.E.2d at 1324.

Price concedes that Bowles's conviction for child molest is not properly admissible for impeachment purposes pursuant to the *Ashton* rule. However, Price argues that if Bowles's conviction for child molest was based on an act of intercourse, then the conviction was the functional equivalent to a conviction for rape, and therefore *Ashton* permits impeachment on that crime.

In *Sullivan v. Fairmont Homes, Inc.* (1989), Ind.App., 543 N.E.2d 1130, *trans. denied,* a panel of this court addressed this identical issue of whether the defendant could use a child molesting conviction to impeach the credibility of a witness for the plaintiff. The trial court refused to permit Sullivan, the defendant, to use a child molesting conviction to impeach the credibility of the witness. On appeal, Sullivan, argued that the crime of child molesting is in essence the equivalent to the infamous crime of rape. *Sullivan,* 543 N.E.2d at 1136. We noted that child molest is not one of the crimes deemed to be infamous, and declined to accept Sullivan's argument. Furthermore, we said that we would not presume from an inadequate record that the witness had pled guilty to child molest based on intercourse, and thus the functional equivalent to rape. *Id.*

Although *Sullivan* is a civil case and here we are dealing with a criminal case wherein the defendant possesses the right of confrontation, the sound reasoning of *Sullivan* guides us along a similar path. The *Sullivan* court relied in part on a prior holding from our Indiana Supreme Court which declined to judicially extend the specifically enumerated *Ashton* crimes without direction from our legislature. *Id.; See Fletcher,* 340 N.E.2d at 774, n. 1.

Based on the foregoing precedent, we see no error in the preclusion of Bowles's prior child molest conviction for the purpose of impeaching his credibility as a witness. We leave any such amendment to the discretion of the legislative branch.

II. Mistrial/Prosecutorial Misconduct

Price contends that the prosecutor improperly commented on Price's failure to testify. During closing argument, the prosecutor made the following comments:

Now the person who is best able to tell whether there was an individual there if one existed, was Robert Price. He was the only one outside. I asked Mr. Bowles when he was on the stand, did Robert Price mention to you any body (sic) else at all being in the area. No. (R. 538). Price objected and motioned for a mistrial on the grounds that the prosecutor improperly commented on Price's failure to testify. After hearing argument on the motion, the trial court denied the motion.

Whether to grant or deny a motion for mistrial is a decision left to the sound discretion of the trial court. *Whitehair v. State* (1995), Ind., 654 N.E.2d 296, 302–03. We will reverse the trial court's ruling only upon an abuse of that discretion. 654 N.E.2d at 303. We will not disturb a trial court's denial of a motion for mistrial unless the defendant shows that he was placed in a position of undue peril. 654 N.E.2d at 303. "A mistrial is an extreme sanction warranted only when no other cure can be expected to remedy the situation." *Id.* (quoting *Jackson v. State* (1988), Ind., 518 N.E.2d 787, 789).

Price argues that the trial court abused its discretion in denying his motion for mistrial based on the prosecutor's alleged comment on Price's right to remain silent. A claim of prosecutorial misconduct requires a two-part inquiry: (1) whether the prosecutor engaged in misconduct and (2) whether the misconduct placed the defendant in a position of grave peril or evinced a deliberate attempt to improperly prejudice the defendant. *Clark v. State* (1995), Ind.App., 648 N.E.2d 1187, 1192, *reh'g denied, trans. denied* (citing *Bellmore v. State* (1992), Ind., 602 N.E.2d 111, 120, *reh'g denied* ).

At trial, Price interposed the defense that an unidentified intruder committed the crimes. Price conceded that he was outside at the time, but maintained that he was an innocent bystander. Russell Bowles and Detective Price testified that immediately following the incident Price said that he had not seen anyone else in the area. Our supreme court has repeatedly stated that the prosecutor is permitted to summarize the evidence and if "in its totality the prosecutor's comment is addressed to other evidence rather

than the defendant's failure to testify, it is not grounds for reversal." *Wine v. State* (1994), Ind.App., 637 N.E.2d 1369, 1375 *trans. denied* (quoting *Hopkins v. State* (1991), Ind., 582 N.E.2d 345, 348, *reh'g denied*) (prosecutor's comment "it is certainly worthy of comment that you never heard any testimony during this trial that the defendant was anywhere else than the victim's home when he was murdered" did not impinge on the appellant's right to remain silent); *Hill v. State* (1988), Ind., 517 N.E.2d 784, 788, *reh'g denied; Flynn v. State* (1986), Ind., 497 N.E.2d 912, 915.

The prosecutor's comments consisted of a summary of the evidence and particularly emphasized that Price had fabricated his defense. These comments do not amount to an impermissible reference to Price's failure to testify, and we therefore find no fundamental error. The trial court properly denied Price's motion for mistrial.

### CONCLUSION

Based on the foregoing, the trial court did not err in excluding evidence of Bowles's prior child molest conviction because child molest is not an *Ashton* offense and the record was inadequate to establish that the molest was based on an act of intercourse. Furthermore, the trial court correctly denied Price's motion for mistrial because the prosecutor's closing statement was merely a summary of the evidence, rather than a comment on Price's failure to testify.

We affirm.

CHEZEM, J., concurs in result.

RUCKER, J., concurs.