**Rachel WHITE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–9908–CR–373.

Court of Appeals of Indiana.

April 10, 2000.

Transfer Denied June 14, 2000.

Victoria Ursulskis, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

VAIDIK, Judge

### Case Summary

Appellant Rachel White challenges her conviction for Battery,[1] a class C felony. In particular, White contends that the trial court improperly refused her self-defense instruction and abused its discretion by denying her motion to reopen her case to develop her theory of self-defense. Because neither the evidence presented at trial nor additional evidence of prior abuse

---

1. IND.CODE § 35–42–2–1.

would have supported a self-defense instruction, we affirm.

### Facts and Procedural History

In August 1998, White was living in an apartment with her ex-husband Daren Robinson, their daughter and White's daughter. On August 8, 1998, White left the apartment, apparently following an argument, to stay at a nearby motel. Sometime later, Robinson took White's daughter to stay with her. However, their daughter stayed with Robinson.

On August 11, 1998, while White was still living outside the apartment, White telephoned Robinson and told him that "one of us is gonna die." Record at 137. Later that same day, White went to the apartment, knocked on the door and asked Robinson to step outside and talk. Robinson refused. Robinson then went upstairs to gather some of White's daughter's clothing. When Robinson returned to the door, White had left. Robinson set the clothing on the doorstep and closed the door.

Soon thereafter, Robinson heard a noise in the back of the apartment. Robinson observed White throw a rock through his sliding glass door. As White entered the apartment, Robinson turned and ran. Robinson then observed White pull a knife from her waistband and charge towards him. Robinson fled toward the front door and attempted to open the lock. While Robinson continued to struggle with the door, White stabbed Robinson in the back with the knife. Robinson then began to wrestle with White and gained control over the knife with one hand. Eventually Robinson was able to open the door. Robinson and White continued to wrestle and fell onto the front yard. Robinson then ran to the neighbors and yelled for someone to call the police.

The following day, White went to the police station, signed a waiver of rights form and confessed to the stabbing. On August 13, 1998, White was charged with battery with a deadly weapon, a class C felony. A jury trial commenced on April 22, 1999. During the State's case-in-chief, the State offered the testimony of Robinson and the officer who investigated the altercation and took White's statement. The tape that contained White's confession was also played for the jury. After the State rested, White testified regarding the details of the fight. In particular, she testified that she broke in the house and "went after" Robinson. Record at 245. White further testified that she took the knife in with her because she "knew he had a gun" and that she feared Robinson because of prior incidents of physical and emotional abuse. Record at 247.

At the conclusion of the evidence, White tendered an instruction on self-defense. The State objected on the basis that the evidence did not support the instruction. The trial court agreed and refused the proposed instruction. Because of the court's refusal, White's counsel moved to reopen the case to offer additional evidence of prior abuse to show that she was entitled to a self-defense instruction. The motion to reopen was denied and the case was submitted to the jury which found White guilty as charged.

### Discussion and Decision

#### I. Self–Defense Instruction

White contends that the trial court erroneously refused her instruction on self-defense. In determining whether a trial court properly refused a tendered instruction, we consider whether the proposed instruction correctly states the law, whether the evidence in the record supports the instruction and whether the substance of the tendered instruction is covered by other instructions. *Miller v. State,* 720 N.E.2d 696, 701 (Ind.1999). Here, the trial court refused the instruction, concluding that there was insufficient evidence to support it. White challenges that conclusion.

IND.CODE § 35–41–3–2 provides that a person is justified in using reasonable force against another to protect herself from what she reasonably believes to

be the imminent use of unlawful force. A defendant's belief that she is being threatened with impending danger must be reasonable and in good faith. *White v. State*, 699 N.E.2d 630, 635 (Ind.1998). Thus, the key to determining whether a defendant is entitled to an instruction on self-defense is whether the defendant reasonably believed that she was facing the imminent use of unlawful force and that the action taken, here the stabbing, was necessary to defend against that force. *Whipple v. State*, 523 N.E.2d 1363, 1366 (Ind.1988), *denial of habeas corpus aff'd by Whipple v. Duckworth*, 957 F.2d 418 (7th Cir.1992), *cert. denied*, 506 U.S. 876, 113 S.Ct. 218, 121 L.Ed.2d 157.

According to White, evidence of prior incidents of "physical, mental, and psychological abuse" shows that she feared Robinson and caused her to reasonably believe that she faced impending danger. Appellant's Brief at 10. To support her contention that she had been subject to prior abuse, White relies upon the following evidence which was presented by the defense at trial: (1) after White caught Robinson with another woman a few days before the altercation, Robinson, while displaying a gun, threatened to call the police if White "would do anything," (R. 244); (2) in response to that incident, White left the apartment and stayed at a motel; (3) Robinson took White's daughter to the motel but refused White's request to allow their four-year-old daughter to stay with White; (4) when White returned to the apartment a few days later, Robinson displayed a gun at the front door, threatened to call the police and refused White and her daughter entrance to the apartment so that White could get her daughter's clothes; (5) after White gained entrance into the apartment and while White and Robinson struggled for the knife, White feared that if Robinson gained control over the knife, he might kill her, (R. 255); (6) Robinson threatened White "with the gun all the time," (R. 251); (7) Robinson had attempted to strangle White "a couple of months before this incident happened," (R. 253); and (8) in

her statement to the police, White stated that Robinson "took [her] through so much." (R. 202).

■■■ Evidence of prior abuse or of a violent relationship may be considered in determining whether the defendant reasonably perceived imminent danger and therefore, was entitled to a self-defense instruction. *Whipple*, 523 N.E.2d at 1367. However, evidence of prior abuse alone does not require a trial court to instruct the jury on self-defense. *Id.* Rather, it is one factor, among many, to consider in determining whether a defendant reasonably perceived the imminent use of unlawful force. Absent evidence of impending danger, a self-defense instruction is not proper. *Id. See also Witte v. State*, 516 N.E.2d 2, 5–6 (Ind.1987) (concluding that wife, who had been subject to husband's physical abuse, was not entitled to self-defense instruction where there was no evidence of imminent use of unlawful force by husband before husband was killed). Applying this standard to the instant case, we must determine if a person, who had experienced the prior incidents of abuse which White described, would have reasonably perceived the imminent use of unlawful force by another under these circumstances.

Here, even assuming that all of the incidents of abuse occurred as White testified, there is no evidence that White reasonably believed she was in imminent danger when she stabbed Robinson. Initially, we note that White initiated the contact with Robinson. A few days prior to the altercation White had been staying at a local motel and came to the apartment to speak to Robinson. Although White claims she observed Robinson display his gun at the front door and was denied entry to the apartment, she then proceeded to the rear of the house and broke the glass patio door with a rock in order to gain entrance into the home. White also pursued Robinson inside the apartment. She testified that she "went after" Robinson as he fled to the

front door and stabbed him in the back as he fumbled with the lock. There was no evidence that during the altercation White sustained any injuries or that Robinson was carrying a weapon. Finally, there was no evidence that Robinson made any gestures which would cause White to believe that an assault on her person was imminent. Therefore, although White may have been in a tumultuous relationship and that under a different set of facts a person who experiences prior abuse might be entitled to a self-defense instruction, in this case there is no evidence that White reasonably perceived she was subject to the imminent use of unlawful force. Therefore, the trial court did not err by refusing the self-defense instruction.

## II. Defendant's Motion to Reopen

■ White also contends that the trial court abused its discretion by denying her motion to reopen her case after the court concluded that the evidence did not support a self-defense instruction. According to White, she should have been permitted to reopen her case to present additional evidence of prior incidents of abuse.

■ The decision to allow a defendant to reopen her case lies within the trial court's discretion. *Flynn v. State,* 497 N.E.2d 912, 914 (Ind.1986). On appeal, we will review that decision only for an abuse of discretion. *Id.* We will set aside a trial court's ruling made in the exercise of discretion if the decision was unreasonable in light of all of the circumstances and prejudiced the defendant's rights. *Id.* at 915.

■ Factors that may be considered in determining whether a motion to reopen should be granted are possible prejudice to the opposing party, whether the party raising the motion rested inadvertently or purposely, the stage of the proceedings at which the request was made and whether confusion or inconvenience would result from granting the request. *Id.* at 914. While a defendant's request to reopen her case should be given serious consideration in light of the state constitutional right to testify, it is not per se an abuse of discretion to deny such a request. *Id.* According to White, because she made the motion before closing arguments were made and final instructions were read, presenting additional evidence would not have confused the jurors, inconvenienced the court or prejudiced the State.

Even assuming that permitting White's counsel to recall White for additional testimony would not have disrupted the trial or prejudiced the State, the trial court did not abuse its discretion by denying the motion. The record reveals that immediately after the court refused White's instruction on self-defense, White's counsel moved to reopen the case to offer White's testimony in an effort to supply additional evidence of prior abuse. At that time, White had already had an opportunity to testify and present witnesses to establish a pattern of abuse at the hands of Robinson. Thus, if White had been permitted to reopen her case, only *additional* incidents of abuse would have been presented. We fail to see, however, how this evidence would have supported a self-defense instruction. Even assuming White had been subject to other prior incidents of abuse, it would not have demonstrated that she reasonably believed that she was in imminent danger under the circumstances of this case. The trial court did not abuse its discretion by denying White's motion to reopen her case.

Judgment affirmed.

DARDEN, J. and FRIEDLANDER, J., concur.