# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 01 2015, 9:11 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark Leeman
Cass County Public Defender
Leeman Law Offices
Logansport, Indiana

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffrey Billeaud, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | July 1, 2015 <br><br> Court of Appeals Case No. <br> 09A02-1409-CR-638 <br><br> Appeal from the Cass County <br> Superior Court 2 <br><br> Cause No. 09D02-1308-FC-43 <br><br> The Honorable Rick Maughmer, <br> Judge. |

**Friedlander, Judge.**

[1] Jeffrey Billeaud was convicted of Battery Resulting in Serious Bodily Injury, a class C felony,[1] and Resisting Law enforcement, a class D felony.[2] Billeaud appeals his convictions, presenting the following restated issues for review:

1. Did the trial court abuse its discretion when it refused to instruct the jury on self-defense?
2. Did the State present sufficient evidence to sustain Billeaud's conviction for resisting law enforcement?

[2] We affirm.

[3] The facts favorable to the convictions follow. Pieter Vanderveen and Geneva Boatner are both semi-truck drivers. On August 16, 2013, they traveled together to pick up a load in Logansport, Indiana. Upon arrival, Boatner exited the truck to "ground guide" Vanderveen and help him detach the trailer into a parking space. *Transcript* at 109. A pickup truck driven by Billeaud traveled past Boatner at a high rate of speed. Boatner testified that she had to jump out of the way to avoid being hit.

---

[1] The version of the governing statute i.e., Ind. Code Ann. § 35-42-2-1 (West, Westlaw 2013) in effect at the time this offense was committed classified it as a class A felony. This statute has since been revised and in its current form reclassifies this as a Level 6 felony. *See* I.C. § 35-42-2-1 (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation effective through June 28, 2015). The new classification, however, applies only to offenses committed on or after July 1, 2014. *See id.* Because this offense was committed before then, it retains the former classification.

[2] The version of the governing statute i.e., Ind. Code Ann. § 35-44.1-3-1 (West, Westlaw 2013) in effect at the time this offense was committed classified it as a class A felony. This statute has since been revised and in its current form reclassifies this as a Level 6 felony. *See* I.C. § 35-44.1-3-1 (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation effective through June 28, 2015). The new classification, however, applies only to offenses committed on or after July 1, 2014. *See id.* Because this offense was committed before then, it retains the former classification.

[4] After detaching the trailer, Boatner and Vanderveen drove the semi-truck without its trailer to the guard shack, where they encountered Billeaud.[3] Vanderveen leaned out his window and said to Billeaud, "Dude you need to slow your ass down before you kill somebody." *Id.* at 111. Billeaud responded, "[O]ld man, if you get out of the truck I'll beat you down." *Id*.

[5] Vanderveen then attempted to get out of his truck so he could proceed to the guard shack. Vanderveen placed his foot on the battery box while his hands were on the steering wheel but before he reached the step, Billeaud grabbed a wooden flag post from his own truck, and struck Vanderveen in the back of the neck. Vanderveen fell to the ground unconscious, and Billeaud quickly drove away.

[6] Jerry Elder, another truck driver, witnessed Billeaud hit Vanderveen. "The driver was getting out of his truck, and the next thing I know a two by four was swung at the truck driver and [he] went down like a sack of potatoes." *Id.* at 74. Cara Small, a security guard who saw only part of the incident, called 9-1-1. Sergeant Britt Edwards and Officer Kyle Perkins responded to the scene. The officers, through dispatch, explained the situation to other officers who began to search for Billeaud's truck. Officers located Billeaud's vehicle on First and Market Street and signaled Billeaud to stop by activating their sirens and overhead lights. Billeaud

---

[3] Boatner testified that Vanderveen came to the guard shack and parked his semi-truck about three feet away from Billeaud's truck.

saw the four police vehicles behind him, but continued to drive four blocks before pulling over at the jail parking lot.

[7] On September 19, 2013, the State charged Billeaud with battery by means of a deadly weapon (Count I), battery resulting in serious bodily injury (Count II), and resisting law enforcement (Count III). On July 23, 2014, the jury found Billeaud guilty as charged. Before sentencing, the judge merged the two battery convictions and sentenced Billeaud to an aggregated sentence of nine years incarceration. Billeaud now appeals.

1.

[8] Billeaud contends the trial court erred in refusing to give his tendered self-defense jury instruction. "The manner of instructing the jury lies within the discretion of the trial court, and we will reverse only for abuse of discretion." *Henson v. State*, 786 N.E.2d 274, 277 (Ind. 2003). In determining whether a trial court abused its discretion and improperly refused a tendered instruction, we consider "whether the proposed instruction correctly states the law, whether the evidence in the record supports the instruction, and whether the substance of the tendered instruction is covered by other instructions." *White v. State*, 726 N.E.2d 831, 833 (Ind. Ct. App. 2000). The State concedes the proposed jury instruction in this case properly stated the law and was not covered by any other instructions. Accordingly, we are left to determine whether there was evidence to support a self-defense instruction.

[9] "A defendant in a criminal case is entitled to have the jury instructed on any theory of defense which has some foundation in the evidence." *Dayhuff v. State*, 545

N.E.2d 1100, 1102 (Ind. Ct. App.1989). Even where evidence of self-defense is weak, the defendant is entitled to a self-defense instruction if there is "some probative value to support it." *Id.* A person is justified in using "reasonable force" against another person to protect himself from what he reasonably believes to be the imminent use of unlawful force. *Tharpe v. State*, 995 N.E.2d 836, 844 (Ind. 2011).

[10] The accused is required to show the following elements to obtain the self-defense instruction when deadly force is used: (1) The accused was in a place he had a right to be, (2) did not provoke, instigate, or participate willingly in the violence, and (3) had a reasonable fear of death or great bodily harm. *Wilson v. State,* 770 N.E.2d 799 (Ind. 2002). "A defendant's belief that he is being threatened with impending danger must be reasonable and in good faith." *White v. State,* 726 N.E.2d 834.

[11] Billeaud argues he is without fault and justified in his actions because he was in "fear of his life", as he believed many truck drivers carried weapons on them at all times. *Transcript* at 153. Further, he testified that Vanderveen appeared to be angry when he yelled out of his window. In response, Billeaud claimed he turned to give Vanderveen the middle finger but Vanderveen hit him in the shoulder with the door of the semi-truck, causing him to fall to the ground. Billeaud then retaliated by grabbing a wooden flag post and striking Vanderveen in the back of the neck.

[12] In rejecting the proposed instruction, the trial court explained as follows:

You made it very clear that you weren't going to give him a chance based upon the evidence that I heard for him to do anything that he didn't have anything in his hand… you settled the situation right there on the spot before you had a chance to be threatened and you made it clear from your testimony, sir, that it wasn't even going to escalate past that point.

[13] *Appellant's Brief* at 6. In addition to the trial court's holding, the testimonies of two additional witnesses support the findings of the trial court. In this case, two people witnessed Billeaud act as the initial aggressor when he hit Vanderveen with the two-by-four wooden mount. To contradict that evidence, Billeaud testified to Vanderveen being the initial aggressor when Vanderveen hit Billeaud with the door of his semi-truck. Even taking Billeaud's facts as true, Billeaud verbally instigated the altercation and struck Vanderveen in the back of the head as Vanderveen exited from his truck. Billeaud did not act without fault. At best he acted in mutual combat.

[14] "An initial aggressor, must withdraw from the encounter and communicate the intent to do so to the other person before he may claim self-defense." *Tharpe v. State*, 955 N.E.2d 844. Even assuming Billeaud subjectively feared the imminent use of unlawful force by Vanderveen, his fear was not objectively reasonable nor was the force used. We therefore conclude the trial court did not err in denying the self-defense jury instruction.

2.

[15] Billeaud next argues there is insufficient evidence to support his conviction for resisting law enforcement. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Henley v. State*, 881 N.E.2d 639 (Ind. 2008). "We consider only the

evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id*. at 652. "[This court] will affirm unless no reasonable fact-finder could have found the crime proven beyond a reasonable doubt." *Dumes v. State*, 23 N.E.3d 798, 801 (Ind. Ct. App. 2014).

[16] To convict Billeaud of resisting law enforcement the State was required to prove he did knowingly or intentionally flee from a law enforcement officer after the officer had, by visible or audible means, including operation of sirens or emergency lights, identified himself or herself and ordered the person to stop. *See* I.C. § 35-44.1-3-1.

[17] Billeaud admitted that he noticed the police officers driving behind him with their sirens and lights activated as he traveled on First and Market Street. At trial, he claimed he assumed they were after a motorcycle that had driven through a red traffic light. Billeaud also argued there was no place for him to pull over so he continued to drive, without increasing speed or committing any traffic violations, until he found an adequate area.

[18] In *Woodward v. State*, 770 N.E.2d 897 (Ind. Ct. App. 2002), this court affirmed a conviction for resisting law enforcement when the defendant failed to pull over after being signaled by officers. "We cannot say that a person who has admitted to knowing that a police officer wishes to effectuate a traffic stop can, without adequate justification, choose the location of the stop." *Id*. at 902. Similarly, the evidence is sufficient to show Billeaud knowingly or intentionally fled from law enforcement using a vehicle.

[19] We reject Billeaud's invitation to reweigh the evidence and judge his credibility. The evidence in favor of the conviction establishes that Billeaud observed four police vehicles behind him, with lights and sirens activated. Although he had opportunity to stop numerous times before actually pulling over, Billeaud proceeded for four blocks. Officers activated their lights and sirens behind Billeaud, "[h]e continued down Market Street, to Third Street, turned north on Third Street, went down to High Street, turned east on High Street and then turned into the jail parking lot." *Transcript* 73-74. The evidence is sufficient to show Billeaud knowingly or intentionally fled from law enforcement using a vehicle.

[20] Judgment affirmed.

Baker, J., and Najam, J., concur.