# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 02 2018, 8:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Masse
Merrillville, Indiana

ATTORNEYS FOR APPELLEE
STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.

Crystal G. Rowe
Alyssa C.B. Cochran
Kightlinger & Gray, LLP
New Albany, Indiana

John H. Halstead
Kightlinger & Gray, LLP
Merrillville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Kayla Owens,

*Appellant-Plaintiff,*

v.

Amanda Caudillo and State Farm Mutual Automobile Insurance Co.,

*Appellees-Defendants.*

August 2, 2018

Court of Appeals Case No.
45A05-1712-CT-2934

Appeal from the Lake Superior Court

The Honorable William E. Davis, Judge

Trial Court Cause No.
45D05-1304-CT-65

**Bradford, Judge.**

# Case Summary

On May 13, 2011, Kayla Owens was injured when her vehicle was rear-ended by a vehicle driven by Amanda Caudillo. She subsequently filed suit alleging negligence against Caudillo and asserting a claim for uninsured motorist benefits against State Farm. A four-day jury trial commenced on October 30, 2017. After the parties rested their cases, State Farm moved for judgment on the evidence. The trial court took State Farm's motion under advisement. The trial court subsequently granted State Farm's motion for judgment on the evidence and alternative motion for judgment on the verdict. The trial court then entered judgment against Caudillo and in favor of State Farm. Owens challenges the trial court's order granting judgment in favor of State Farm. We affirm.

# Facts and Procedural History

At approximately 7:50 p.m. on May 13, 2011, Owens was stopped at a red light in the northbound lane of Kennedy Avenue in Highland when her vehicle was rear-ended by a vehicle driven by Caudillo. Owens was injured as a result of the impact. She subsequently filed suit alleging negligence against Caudillo and asserting a claim for uninsured motorist benefits against her insurance provider, State Farm.

[3] A four-day jury trial commenced on October 30, 2017. At some point, the trial court found against Caudillo on the issue of liability and reserved the issue of damages for the jury. After the parties rested their cases, State Farm moved for judgment on the evidence. Owens then moved for the trial court to reopen the evidence so she could question a State Farm representative about the terms of her insurance contract. The trial court denied Owens's motion without giving State Farm the opportunity to respond to Owens's request.

[4] On November 2, 2017, the jury returned a verdict in favor of Owens and against Caudillo in the amount of $170,000. The jury did not return any verdict relating to State Farm. The parties agreed, however, that Owens's claims against State Farm could likely be resolved by the trial court's ruling on State Farm's motion for judgment on the evidence.

[5] The parties subsequently submitted briefing on State Farm's motion. State Farm filed an alternative motion for judgment on the jury's verdict. On November 21, 2017, the trial court granted State Farm's motions. The trial court entered final judgment in favor of State Farm on Owens's claim for uninsured motorist benefits and entered judgment against Caudillo for $170,000.

# Discussion and Decision

# I. Owens's Motion to Reopen the Evidence

[6] Owens contends that the trial court abused its discretion by denying her motion to reopen the evidence. "Whether to grant a party's motion to reopen his case after having rested is a matter committed to the sound discretion of the trial judge." *Flynn v. State*, 497 N.E.2d 912, 914 (Ind. 1986). "The decision will be set aside only when it appears that this discretion has been abused." *Id.*

[7] Owens's claims against State Farm included only the request to recover uninsured motorist benefits. When seeking to recover under an uninsured motorist provision, "the insured must prove that he is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle." *Michael v. Wolfe*, 737 N.E.2d 820, 822 (Ind. Ct. App. 2000). "Generally, this means that the insured must establish the fault of the tortfeasor, the fact that there is no insurance policy covering the motorist or motor vehicle, and resulting damages." *Id.*

[8] After both parties rested, State Farm moved for judgment on the evidence claiming that Owens failed to prove all of the essential elements of her claim. Owens then moved to reopen the case "for three or four brief questions from State Farm's corporate representative in order to show … that this is an uninsured motorist's claim and that there is a contract of insurance." Tr. Vol. II, pp. 66–67. In requesting that the trial court reopen the evidence, Owens indicated that she sought only to question the State Farm representative about

facts relevant to prove that her insurance contract with State Farm included uninsured motorist benefits.

[9] It is important to note that even if the trial court had allowed Owens to reopen the evidence in order to ask the State Farm representative the desired questions about the terms of her policy, Owens would still have failed to prove all of the essential elements of her claim for uninsured motorist benefits. In attempting to show on appeal that she did prove all essential elements of her claim, Owens points to her complaint against Caudillo in which she alleges that Caudillo was uninsured.[1] Since Caudillo was defaulted, Owens argues that we should consider that fact as admitted by Caudillo. However, even if we were to do so, Owens points to nothing in the record that proves that the vehicle itself was not covered by some insurance policy. Further, Owens did not indicate that she wanted to reopen the case to prove this fact. Such a fact is an essential element that must be proved in order to recover under an uninsured motorist provision. *See Michael*, 737 N.E.2d at 823 (providing that "to recover on an uninsured motorist claim, the insured must prove that there is no policy applicable to the vehicle driven by the tortfeasor"). Given that Owens still would have failed to prove an essential element of her claim against State Farm if the trial court had

---

[1] Owens's complaint actually alleges that "Defendant, Mary Joseph, was uninsured at the time of the accident which is the subject matter of this complaint." Appellant's App. Vol. II, p. 26. We will assume this was a typographical error as no one named "Mary Joseph" was named as a defendant in the underlying lawsuit, and Owens refers to this allegation as if it referred to Caudillo.

granted her request to reopen the evidence, we cannot say that the trial court abused its discretion in this regard.

## II. State Farm's Motion for Judgment on the Evidence

[10] Owens also contends that the trial court abused its discretion in granting State Farm's motion for judgment on the evidence.

> The purpose of a motion for judgment on the evidence is to test the sufficiency of the evidence. Upon review of a trial court's ruling on a motion for judgment on the evidence, we apply the same standard as the trial court, considering only the evidence and reasonable inferences most favorable to the nonmoving party. Judgment may be entered only if there is no substantial evidence or reasonable inferences to be drawn therefrom to support an essential element of the claim.

*Court View Ctr., L.L.C. v. Witt*, 753 N.E.2d 75, 80 (Ind. Ct. App. 2001) (internal citation and quotations omitted). "'If evidence fails to create a reasonable inference of an ultimate fact, but merely leaves the possibility of its existence open for surmise, conjecture or speculation, then there is no evidence of probative value as to that ultimate fact and a Trial Rule 50 motion should be granted.'" *Id*. at 81 (quoting *Pearson v. 1st Nat'l Bank of Martinsville*, 408 N.E.2d 166, 171 (Ind. Ct. App. 1980)).

[11] As we discussed above, in order to successfully raise a claim for uninsured motorist benefits, an insured "must establish the fault of the tortfeasor, the fact that there is no insurance policy covering the motorist *or* motor vehicle, and resulting damages." *Michael*, 737 N.E.2d at 822 (emphasis added). Relying on

the allegation set forth in her complaint that Caudillo was uninsured at the time of the accident, Owens claims that she made a *prima facie* showing of each of these facts. However, as we noted above, Owens points to nothing in the record that proves that the vehicle itself was not covered by some insurance policy. As such, even assuming that Owens's allegation regarding to Caudillo was admitted, her claim still fails as she presented no evidence relating to the vehicle Caudillo was driving. We conclude that State Farm was entitled to judgment on the evidence as Owens failed to prove one of the essential elements of her claim against State Farm. The trial court, therefore, did not abuse its discretion in granting State Farm's motion and properly entered judgment in State Farm's favor.[2]

[12] The judgment of the trial court is affirmed.

Kirsch, J., concurs.

Baker, J., dissents with opinion.

---

[2] Because we conclude that the trial court properly entered judgment in State Farm's favor after granting its motion for judgment on the evidence, we need not consider the propriety of the trial court's ruling on State Farm's alternative motion for judgment on the verdict.

# IN THE
# COURT OF APPEALS OF INDIANA

Kayla Owens,

*Appellant-Plaintiff,*

v.

Amanda Caudillo and State
Farm Mutual Automobile
Insurance Co.,

*Appellees-Defendants*

Court of Appeals Case No.
45A05-1712-CT-2934

**Baker, Judge, dissenting.**

I respectfully dissent, as I believe that this result sanctions the type of "gotcha" litigation I so abhor. The record establishes that Caudillo was at fault, Caudillo was uninsured, and Owens was damaged as a result of Caudillo's negligence. The majority affirms based on Owens's failure to establish that, in addition to Caudillo herself, Caudillo's *vehicle* was uninsured.

Owens's complaint alleged that when Caudillo caused the accident, she was driving her own vehicle. Appellant's App. Vol. II p. 25. It further alleged that

Caudillo was uninsured. *Id.* at 26. In my view, the default judgment against Caudillo does, in fact, establish a prima facie case that both Caudillo herself and her vehicle were uninsured. Therefore, I believe that the trial court erred by granting State Farm's judgment on the evidence.

[15] I also believe that the trial court erred by denying Owens's motion to reopen the evidence, given that Owens's counsel inadvertently rested and the reopening of evidence would have caused no prejudice to State Farm, nor would it have resulted in confusion or inconvenience to the trial court or the jury, which was still empaneled.

[16] The result in this case amounts to an unearned windfall to State Farm based on an inadvertent attorney error. I do not believe we should approve of such "gotcha" litigation tactics. Therefore, I respectfully dissent.