ALLMAN *v.* STATE OF INDIANA.

[No. 31067. Filed May 26, 1968.]

*Thomas N. Mote,* of Columbus, for appellant.

*John J. Dillon,* Attorney General and *R. Robert Yeager, Rex Killian,* Deputies Attorney General, for appellee.

HUNTER, J.—This is an appeal from a judgment of guilty on charge of first degree burglary entered by the trial court pursuant to a plea of guilty entered by the appellant at arraignment without the advice of counsel. Pauper counsel was appointed by the trial court to perfect this appeal.

The appellant contends that the trial court erred in refusing to vacate the plea and permit him to enter a plea of not guilty by reason of insanity, upon the timely filing of a verified petition requesting the court to do so.

The record before us reveals the following chronological sequence of events:

(1) *August 5, 1966.* The appellant was apprehended, arrested and incarcerated in the Bartholomew County jail. He remained in said jail without the advice of counsel and was subjected to questioning by several police officers on the 5th, 6th and 7th days of August, over the week end.

(2) *August 8, 1966.* At 9:00 A.M. an affidavit was filed against the appellant charging him with the offense of first degree burglary and a bench warrant was ordered for his arrest immediately upon such filing.

(3) *August 8, 1966.* Within a matter of a few minutes after such filing the appellant was brought before the court for arraignment, without the benefit or advice of counsel, at which time he entered his purported plea of guilty and the court fixed August 11, 1966, for sentencing and ordered a pre-commitment investigation and report. At the arraignment, Sheriff Nolting suggested to the court that the appellant might lack comprehension sufficient to understand the nature of the charge filed against him whereupon the court appointed Doctors George C. Weiland and H. J. Norton to examine the appellant and fixed August 11, 1966, for a hearing on appellant's sanity.

(4) *August 8, 1966.* At the time of the filing of the charge against him, to-wit: 9:00 A.M. of said day, appellant's parents, brothers and sisters were in the offices of Dalmbert and Pushor arranging for counsel to appear and represent the appellant. At this time said attorneys and appellant's relatives were without any prior knowledge of the matters set forth in items (2) and (3).

(5) *August 9, 1966.* Dalmbert and Pushor, attorneys at law, *entered their appearance for the appellant.*

(6) *August 10, 1966.* Dr. Weiland asked for continuance on the sanity hearing until August 17, 1966. The request was granted.

(7) *August 11, 1966.* Appellant, by his attorneys, filed a *verified motion to vacate the plea and enter a plea of not guilty by reason of insanity.* This petition was also set for hearing August 17, 1966, the same day as the sanity hearing referred to in item (6) above.

(8) *August 17, 1966.* The questions of appellant's sanity and motion to withdraw plea of guilty were submitted to the court for hearing and after testimony from the court appointed physicians, a continuance of the hearing was ordered until August 23, 1966, at defendant's request.

(9) *August 23, 1966.* The appellant, by his attorneys, filed a request for a continuance for the purpose of obtaining psychiatric examination of appellant by physicians of their own choice in Marion County, Indiana, the nearest available place for such professional consultation and for authority from the court to have him transported for such purpose.

The Affidavit for Continuance and Request for Psychiatric Examination in Marion County, Indiana, omitting the formal parts, reads:

"Robert L. Dalmbert, being duly sworn upon oath, says:

"1. That he is one of the attorneys for the defendant, Larry Ray Allman, in the above entitled cause and that he makes this affidavit for and on behalf of said defendant.

"2. That heretofore on August 17, 1966, said defendant and his attorneys appeared in this Court at which time the Court continued a hearing on defendant's Petition to Withdraw Plea of Guilty until August 23, 1966, at 1:30 P.M.

"3. That notwithstanding due diligence on the part of said defendant and his attorneys, it has been impossible to employ a qualified psychiatrist to come to Columbus, Indiana, and examine said defendant; that a total of eight psychiatrists known to said attorneys have been contacted and for reasons of vacation, business or otherwise each has been unwilling to come to Columbus and examine said defendant.

"4. That defendant and his attorneys believe that in order to have the defendant examined by a competent psychiatrist, it will be necessary for the Sheriff of Bartholomew County to take said defendant to the Indianapolis General Hospital or the Indianapolis Veterans Hospital so that defendant can be examined by a psychiatrist or staff of psychiatrists.

"5. That defendant believes that a continuance of one week will be necessary in order to complete such examination; that defendant further believes that it would be prejudicial to the substantive rights of said defendant if he is not permitted such an examination and continuance.

"WHEREFORE, defendant prays the Court that he be granted a continuance and that the Sheriff be ordered to take him to Indianapolis for psychiatric examination."

(10) *August 23, 1966.* Thereafter, argument was heard and the Affidavit for Continuance was overruled. On this same

date the hearing on the question of defendant's sanity and his Verified Petition to Withdraw Plea of Guilty resumed, witnesses were sworn and defendant presented evidence and rested.

Immediately thereafter the defendant reasserted his request for a continuance and for a psychiatric examination in Marion County, Indiana, and also moved to have the question of his sanity submitted to a jury and the court delayed ruling on these motions until the conclusion of the hearing. The State presented evidence and rested.

The court then denied defendant's request for continuance and request for psychiatric examination by physicians of his own choice in Marion County, Indiana.

Immediately thereafter, on said date, the court made the following entry:

"The Court finds from a consideration of all of the evidence heard on the question of the defendant's sanity and on the defendant's petition to withdraw plea of guilty that the defendant is presently able to know and understand the nature of the charges against him; the nature of the proceedings involved, and *that he is able intelligently to cooperate in his defense.*

"The Court further finds that at the time of the defendant's arraignment he was able to know and understand the nature of the charge against him and the nature of the arraignment proceedings, and that he was capable at that time of intelligently entering either a guilty or a not guilty plea.

"IT IS ADJUDGED AND CONSIDERED BY THE COURT that the defendant was sane at the time of his arraignment and that he is presently sane.

*"His petition to withdraw his plea of guilty is therefore denied.*

"From a consideration of all the evidence introduced on the question of the defendant's sanity and on the defendant's petition to withdraw his plea of guilty, the Court finds no reasonable ground for believing the defendant to be insane, therefore, the motion of the defendant to submit the question of his sanity to a jury prior to judgment is denied.

"The defendant is informed in open Court that the Court finds him guilty of First Degree Burglary as charged in the affidavit by reason of his plea of guilty entered August 8, 1966, and that the Court finds him to be 21 years of age." (our emphasis)

The above chronological sequence of the proceedings, leading to the trial court's findings and judgment, and specifically to the denial of the appellant's motion to vacate his plea of guilty, have been set forth at length to indicate the rather *unique* and *unusual character of the proceedings relied upon by the trial court in its determination.*

The sole question presented by this appeal goes directly to the issue of whether the court below exercised sound judicial discretion. It has long been established by this Court that it is within the sound discretion of the trial court to decide whether to allow a plea of guilty to be withdrawn. However, it may also be said that the soundness of an exercise of judicial discretion in a given instance is always reviewable by courts of appellate jurisdiction when the question is properly presented. Bowers, *Judicial Discretion of Trial Courts.*

Thus the question before this Court is whether the denial of the appellant's request to withdraw his plea of guilty was within the trial court's sound judicial discretion. If such denial was in the exercise of sound judicial discretion there was no error in the ruling; conversely, if the trial court abused or exceeded sound judicial discretion in denying the verified petition, there has been reversible error.

The term "sound judicial discretion" always brings into question on appeal whether discretion was "wisely or unwisely" exercised, or "unreasonably exercised," or constituted "prejudicial abuse" of discretion; or, as stated by the Supreme Court of the United States, whether its exercise was "clearly erroneous." It would appear that the descriptions, as above recited, when used by the various

courts, very aptly and accurately express the exact judicial meaning of the term "abuse of discretion." Generally speaking there are two conditions which must be shown to exist to justify a court of appellate jurisdiction in setting aside a ruling made by a trial court in the exercise of judicial discretion:

(1) that the action complained of must have been unreasonable in the light of all attendant circumstances or it must have been clearly untenable or unreasonable; and

(2) that such action was prejudicial to the rights of the complaining party.

When such conditions are present a reversal should be granted. Bowers, *Judicial Discretion of Trial Courts, supra,* § 13, pp. 24-25.

The rule has long been established in this State that when a defendant is represented by competent counsel at arraignment, a failure at said time to assert or claim a constitutional right is treated as a waiver; but where a defendant is not represented by counsel the mere failure to assert or insist upon a constitutional right is *not,* in and of itself, *sufficient to* establish a waiver. *Dowling* v. *State* (1954), 233 Ind. 426, 118 N. E. 2d 801; *Irwin* v. *State* (1942), 220 Ind. 228, 238, 41 N. E. 2d 809.

In the case of *Goff* v. *State* (1960), 240 Ind. 267, 163 N. E. 2d 888, we find the following discussion concerning arraignment proceedings and the very definite need for care on the part of the trial court in protecting the rights of a defendant:

"Arraignment is a crucial step in the course of criminal procedure. It is at this juncture in the proceedings that the accused hears the formal charge which is lodged against him and he is called upon to enter his plea. He must decide whether he has in fact committed the offense with which he is charged, in the manner that he is charged with having committed said offense and with the necessary intent. If so, he is guilty, if not he is not guilty and should so plead. *The initial determination of whether* or not *one is legally* 'guilty' of a particular crime beyond a reasonable doubt

*should be made by competent counsel who should examine
the formal charge and weigh the facts relative thereto in
order to properly advise the defendant as to the nature of
his plea. Only with benefit of skilled representation can a
defendant appear for arraignment and intelligently enter
his plea.* 'It is as important to have counsel at all steps of
the proceeding, where an accused must decide whether or
not to plead guilty as it is to have a lawyer when an accused
stands trial.' *State* v. *Lindsey* (1952), 231 Ind. 126, 133,
106 N. E. 2d 230; *State* v. *Carrol* (1952), 231 Ind. 126, 133,
106 N. E. 2d 230." (our emphasis) 240 Ind. at 273.

Judge Jackson speaking for this Court further stated:

"The right to counsel is not limited to representation dur-
ing trial only. The accused must be accorded the benefits
of counsel at all stages of the proceedings, and before as
well as during the trial." *Goff, supra,* at 273.

In *Goff,* the case of *Batchelor* v. *State* (1920), 189 Ind. 69,
125 N. E. 773 was cited with approval to uphold the foregoing
rule.

It is readily apparent that in *Batchelor* unlike the situation
before us here, the Court placed great stress upon the fact
that the appellant's constitutional rights were not explained
to him with particularity by the judge of the trial court
during the course of the proceedings on arraignment. Never-
theless, it was stated therein that:

"Under such circumstances, it cannot be said that appel-
lant voluntarily entered his plea of guilty with full and
perfect knowledge of consequences of such a plea." 189 Ind.
at 81.

In the case at bar the appellee State places great importance
upon the record of proceedings at arraignment as indicating
that the appellant knowingly and understandingly waived his
right to counsel and jury trial and comprehended fully all of
the legal aspects and consequences of his plea. It is true that
the record indicates the trial court attempted to inform the
appellant of all of his rights as required. However, the record
also indicates that the judge repeatedly advised the reporter

to indicate for the record that the appellant here responded to questions directed by the judge either with a negative or affirmative movement of his head. Other questions were answered on two or three occasions with "a yah" or "uhmmn". It is also clear from the record that the court must have entertained some doubt about the appellant's understanding of the proceedings, since, upon a suggestion from the sheriff of the possible lack of comprehension of the appellant, the court on its own motion appointed two physicians to examine the appellant to aid the court in determining the appellant's comprehension of the proceedings. On the date immediately following the arraignment, as revealed by item 3 above, counsel, who had been importuned by relatives of the appellant, entered their appearance in this case.

We also recognize that the cases cited to support the rules of law relied upon in this opinion were announced in appeals in coram nobis proceedings. Coram nobis proceedings in criminal actions have since been abrogated by rule of this Court. However, the basic principles of law enunciated in such cases are as sound and valid today as when advanced in such proceedings. We are of the opinion that the application of said rules, enunciatory of the rights of a party charged with a felony at the time of arraignment, have an augmented significance in the case at bar. This is particularly true by reason of the fact that Rule 2-40 and 2-40(a) of this Court provide no relief by way of appeals from judgments entered pursuant to guilty pleas.

Rule 2-40 and 2-40(a) were drawn by this Court to replace the coram nobis proceedings that had existed theretofore, but are wholly inadequate when applied to a factual situation as presented by the record in the case at bar. We therefore deem it proper to quote from the coram nobis case of *Goff, supra,* as follows:

"Where an accused having entered a plea of guilty on being arraigned, subsequently desires to withdraw the plea, the proper method is by a verified motion and service on the

Prosecuting Attorney. The above procedure was followed in this case. *Where there is an abuse of discretion, the court, on appeal, will review the ruling even where the application for leave to withdraw the plea is made after judgment.* A verified plea, uncontroverted, that the guilty plea was not made understandingly or freely, should be granted. *'No harm could have resulted* to society or to the State by permitting a withdrawal by appellant of the plea of guilty and to allow him to plead not guilty . . .' *Dobosky* v. *State* (1915), 183 Ind. 488, 492, 109 N. E. 742." (our emphasis) 240 Ind. at 272.

The verified petition to vacate and set aside the plea of guilty in this case, raising as it did the question of the appellant's comprehension of the proceedings on arraignment and his sanity and praying for permission to enter a plea of not guilty by reason of insanity, should have been granted by the court for the reason that the allegations contained in said verified petition clearly indicated that the defendant did not have sufficient comprehension at the time of arraignment to understand the nature and the dire consequences of the plea he entered.

The State of Indiana advances the proposition that appellant's plea of guilty constituted a judicial confession of the crime charged, and that a conviction grounded upon such a plea is as conclusive as a jury's verdict. In support of this contention the State cites the cases of *Kuhn* v. *State* (1944), 222 Ind. 179, 52 N. E. 2d 491; *Harshman* v. *State* (1953), 232 Ind. 618, 115 N. E. 2d 501. We agree that those cases substantially support the State's position as to the nature and effect of a plea of guilty. However, the matter does not end there. We are of the opinion that in light of such a rule, it becomes the increasingly important duty of the courts of this state, when faced with a timely motion to withdraw a plea of guilty, to examine carefully the proceedings had at arraignment to determine whether all the rights of a defendant who pleaded guilty without the advice of legal counsel were zealously guarded and freely extended. Further,

we hold that in instances where a timely motion to withdraw the plea has been filed, the trial court's concern should not be directed solely to the question of the court's own legal justification in originally accepting the plea of guilty. Authority for this rule is implicit in cases of *Lindsey and Carroll, supra, Dobosky, supra, Batchelor, supra, Dowling, supra, Irwin, supra,* and other cases too numerous to cite.

Upon a review of the record before us and the sequence of the proceedings had in the trial court in this matter, we are of the opinion that no harm could have resulted to society or to the State in granting the relief sought in the appellant's verified petition. *Dobosky* v. *State, supra.*

We therefore hold that the court below should have, in the exercise of sound judicial discretion, vacated the plea of guilty and permitted the defendant to plead either not guilty or not guilty by reason of insanity. The court's failure to do so upon the petition, which in this instance was timely filed, was clearly erroneous and was not based upon sound "judicial discretion." Under the circumstances of this case, the discretion of the court below was unwisely exercised when measured by the standards hereinbefore set forth, and the rights of the appellant were, as a result, substantially prejudiced. We therefore hold that the judgment should be reversed and remanded with instructions to vacate the judgment heretofore entered, to set aside and vacate the plea of guilty, and to permit the appellant to plead anew with advice of counsel.

Judgment reversed.

Lewis, C. J., Arterburn and Jackson, JJ., concur.

Mote, J., not participating.

NOTE.—Reported in 235 N. E. 2d 56.