Richard S. EMMONS, Appellant,

v.

STATE of Indiana, Appellee.

No. 884S319.

Supreme Court of Indiana.

May 16, 1986.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kenneth P. Williams, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Richard S. Emmons appeals from his jury conviction for two class B felonies, attempted robbery, Ind. Code § 35–42–5–1 (Burns 1985) and Ind. Code § 35–41–5–1 (Burns 1985), and criminal confinement, Ind. Code § 35–42–3–3 (Burns 1985). The trial court imposed concurrent terms of imprisonment of fifteen years.

Appellant has raised several issues in this direct appeal, but we find one of those issues to be dispositive and therefore address it alone: defendant argues the trial court abused its discretion by refusing to record voir dire proceedings.

Emmons was originally scheduled to be tried in early 1983, but he requested a continuance on two occasions and the trial court granted both motions. These motions had caused groups of potential jurors to be called and released. A new venire was called for Emmons' trial on January 3, 1984, then released and ordered to reappear the following day. This venire was released again on January 4th because Emmons had been hospitalized that morning and the trial postponed.

On January 3rd, defense counsel had filed a written request that all courtroom proceedings, including voir dire, be recorded. The trial court summarily denied this request. On January 14th, local newspapers reported that prior continuances were

accorded Emmons and that on January 4th he had been rushed to the hospital emergency room for treatment of a drug overdose. On January 19th, defense counsel renewed his motion to have all courtroom proceedings recorded, petitioned for the appointment of a special venire to serve as prospective jurors, and requested individual voir dire. The court denied defendant's requests.

The motion for special venire was based upon the inconvenience associated with the jury venire's appearance and release on both January 3rd and 4th. He claimed that a special jury call was necessary because the existing venire could not be presumed to be unbiased in view of their knowledge that the defendant had also been granted prior continuances which had caused fruitless trips to the courthouse in 1983. Defendant requested permission to conduct voir dire of each juror outside the presence of the others because of the potential prejudice which he attributed to the newspaper accounts and the inferences therefrom. Emmons wanted individual voir dire of the prospective jurors to ferret out bias.

On January 24th the trial commenced and the jury venire was sworn. When voir dire examination commenced, defendant orally requested to have voir dire recorded; again the request was denied. After voir dire was completed, some jurors were excused for cause and the defendant exercised ten peremptory challenges; the jury was accepted.[1] Ultimately, the jury found the defendant guilty.

Preparing for appeal, defense counsel filed a written statement of evidence pursuant to Ind. Rules of Appellate Procedure, Rule 7.2(C). His statement was:

> That during the selection of the jury at the trial of said Richard S. Emmans [sic], the Court inquired of the jury venire as a whole as to whether any of the jurors had read or heard news accounts of the trial. Thereafter no fewer than eleven (11) prospective jurors raised their hand.

Defendant requested that voir dire be recorded because pretrial publicity had become a concern and he wished to preserve the issue of juror bias for appeal. Emmons argues that the trial court's denial of the several requests he made constituted an abuse of discretion and denied him access to appellate review. We agree.

It is axiomatic that the trial court has broad discretionary power to regulate the form and substance of voir dire. *Marbley v. State* (1984), Ind., 461 N.E.2d 1102. Moreover, trial judges are authorized to

> arrange and provide for the taking down and recording by mechanical devices, any and all oral evidence and testimony given in all causes and hearings, including both questions and answers ... and the recording of any other oral matter occurring during the hearing in any proceedings ... *for the purpose of facilitating and expediting the trial of causes and the appeals therefrom.* (Emphasis added.)

Ind. Rules of Criminal Procedure, Rule 5; Ind. Rules of Trial Procedure, Rule 74. This Court has enunciated a standard for reviewing the exercise of the judicial discretion which has been granted to the trial courts:

---

1. The State argues on appeal that defendant has failed to preserve this error because he accepted the jury as selected. The State maintains that acceptance of the jury demonstrates that defendant was not prejudiced and contends that acceptance of the jury constitutes a waiver of any alleged error committed by the trial court. Traditionally, many trial judges ask both parties whether they accept the jury as chosen. The inquiry is partly a matter of judicial etiquette, although it does provide one last opportunity for the parties to make any objections they may have. However, failure of counsel to reiterate all previous objections does not act as an auto-

matic waiver of an issue for appellate review. Acceptance of the jury has been deemed, however, to be one factual circumstance which supports the inference of a waiver in conjunction with the presence of other factors: the voir dire proceedings were not recorded, defendant did not make an objection to the voir dire procedures used by the trial court, or defendant's peremptory challenges were not exhausted. *Belcher v. State* (1983), Ind., 453 N.E.2d 214; *Boone v. State* (1978), 267 Ind. 493, 371 N.E.2d 708; *Torrence v. State* (1971), 255 Ind. 618, 266 N.E.2d 1.

The term "sound judicial discretion" always brings into question on appeal whether discretion was "wisely or unwisely" exercised, or "unreasonably exercised", or constituted "prejudicial abuse" of discretion; or, as stated by the Supreme Court of the United States, whether its exercise was "clearly erroneous". It would appear that the descriptions, as above recited, when used by the various courts, very aptly and accurately express the exact judicial meaning of the term "abuse of discretion." Generally speaking there are two conditions which must be shown to exist to justify a court of appellate jurisdiction in setting aside a ruling made by a trial court in the exercise of judicial discretion:

1) that the action complained of must have been unreasonable in the light of all attendant circumstances or it must have been clearly untenable or unreasonable; and

2) that such action was prejudicial to the rights of the complaining party.

When such conditions are present a reversal should be granted. *Allman v. State* (1968), 253 Ind. 14, 235 N.E.2d 56, 59.

■ The exercise of the trial court's discretion must comport with the due process requirements of the Fifth and Fourteenth Amendments of the U.S. Constitution, which guarantee that criminal defendants will be accorded a fair trial. To effectuate these rights, the General Assembly has provided criminal defendants a statutory right to appeal from any judgment. Ind.Code § 35–38–4–1 (Burns 1985). A defendant's right to appeal errors allegedly committed at trial may be regulated, and one such regulation is the requirement that the appellant present a complete record to the reviewing court. *Zachary v. State* (1984), Ind., 469 N.E.2d 744. Alternative procedures are also available to present evidence or testimony when a record was not made or when the transcript is unavailable. *Mulligan v. State* (1986), Ind., 487 N.E.2d 1309. Failure to comply with this rule precludes appellate review of any alleged errors attributed to nonrecordation.

*Craig v. State* (1980), 273 Ind. 361, 404 N.E.2d 580.

■ The purpose of voir dire is to ascertain whether prospective jurors can render a fair and impartial verdict in accordance with the law and evidence. *McCormick v. State* (1982), Ind., 437 N.E.2d 993. By questioning the prospective jurors, both parties are permitted to discover grounds upon which to predicate challenges for cause and their peremptory challenges. This procedure is designed to insure a fair trial by an impartial jury. *Hart v. State* (1976), 265 Ind. 145, 352 N.E.2d 712.

In this case, defense counsel submitted a partial reconstruction of the voir dire proceedings. A reconstruction of the entire voir dire would have been a Herculean task due to the numerous questions generally posed to a prospective jury panel. Refusal to record the voir dire proceedings therefore deprived Emmons of appellate review of the specific issue which concerned him and any other errors which may have occurred. The underlying merits of these issues are of little moment when fundamental appellate rights have been denied by the trial court.

The trial court's action furthered neither the purpose of the grant of discretion to have proceedings recorded nor the purpose of voir dire examinations. Judicial discretion should be exercised in a way which, to paraphrase the Rule, facilitates and expedites the trial of cases and appeals therefrom.

The judgment is reversed and the cause returned for re-trial.

DeBRULER, PIVARNIK and DICKSON, JJ., concur.

GIVAN, C.J., dissents without separate opinion.