**544**

Richard EMMONS, Appellant,

v.

STATE of Indiana, Appellee.

No. 79S00–8704–CR–359.

Supreme Court of Indiana.

Aug. 11, 1989.

Susan K. Carpenter, Public Defender of Indiana, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Attempted Robbery with a Deadly Weapon, a Class B felony, for which he received a sentence of fifteen (15) years. He also was convicted of Confinement While Armed with a Deadly Weapon, a Class B felony, for which he received a sentence of fifteen (15) years, the sentences to run concurrently.

The facts are: On November 1, 1982, Frederick Lee Dienhart was working in the pharmacy at a Marsh Supermarket in West Lafayette, Indiana. At approximately 7:30 p.m., appellant entered wearing a Halloween mask and pointing a gun at Dienhart. When appellant demanded Class A narcotics, Dienhart told him that he was only a part-time employee and did not know where the drugs were kept. Appellant refused an offer of Valium. Dienhart then momentarily distracted appellant and was able to escape into the grocery department. Appellant then fled through the store, out the front across the parking lot, and entered a car and drove away. Although Dienhart was unable to see appellant's face, he thought he recognized him by his voice. Other witnesses in the store were able to see and later identify appellant as he fled through the store.

■ Appellant claims the trial court abused its discretion by refusing to dismiss two jurors who advised the court that they knew two witnesses in the proceeding. During presentation of the evidence, juror Susan Logan advised the bailiff that she had conversed with a friend whose son was to testify in the case. Mrs. Logan was questioned out of the presence of the other jurors and told the court that the son of a woman who worked with Mrs. Logan was to be one of the identifying witnesses in the case.

Upon further questioning by the court, Mrs. Logan stated that she did not feel that this conversation would "cause any difficulty to deliberate about the case." She was

admonished by the court that she was to consider only evidence which she heard in court. Following this interrogation and questions by counsel for appellant, he moved that Mrs. Logan be excused. The court denied the motion.

Following the testimony of William Bigger who had worked for the West Lafayette Police Department, juror Williams advised the court that he knew Bigger. He too was questioned outside the presence of the other jurors. He stated that he worked at the same bank with Bigger but did not socialize with him or have direct dealings with him. Williams further stated that he would not be influenced by his acquaintance with Bigger. Following further questioning by defense counsel, counsel moved that Williams be excluded based upon his acquaintance with the witness and further that he had failed to disclose that knowledge during *voir dire* prior to his selection as a juror. The trial court denied the motion.

The decision to grant or deny a challenge to a juror is left to the sound discretion of the trial court. *Woolston v. State* (1983), Ind., 453 N.E.2d 965. Here, the trial court determined that both jurors stated that the contacts would have no effect on their deliberations. In *Marsillett v. State* (1986), Ind., 495 N.E.2d 699, this Court held that a juror's casual acquaintanceship with victims and members of the defendant's family was permissible.

In the case at bar, we find that the trial court properly interrogated the jurors upon discovery of their possible disqualification and that the facts developed during that interrogation clearly show that the contact the jurors had with the witnesses was casual enough to be cured by the interrogation and admonition by the court. We hold the trial judge did not err in permitting the jurors to continue to serve.

■ Appellant contends the trial court erred in giving an instruction on flight. He claims that flight was not an issue since he had presented an alibi defense and that to instruct the jury on flight had the effect of informing the jury the court believed that appellant was guilty.

The State correctly points out that the State has the obligation to prove each element of the crime. Where, as here, the defendant fails to convince the jury of his alibi defense, the jury still has the responsibility to examine the State's evidence and find whether each material allegation has been proven. At that stage of the deliberation, it becomes important for them to consider any evidence of flight of the appellant from the scene of the crime.

The trial court correctly instructed the jury that flight may be considered as circumstantial evidence of consciousness of guilt. *Jones v. State* (1985), Ind., 485 N.E.2d 627; *Richardson v. State* (1985), Ind., 481 N.E.2d 1310. The trial court did not err in giving the flight instruction.

■ Appellant claims the trial court erred by denying his motion in limine with regard to mentioning the existence of a previous trial. Appellant had been convicted for this same crime in a previous trial, which conviction was reversed by this Court. *See Emmons v. State* (1986), Ind., 492 N.E.2d 303. The trial court did grant the motion in limine to the extent that he suppressed the mention of the fact that appellant had been convicted previously. However, he did not exclude any mention of a previous trial.

The State correctly points out that the actual issue before this Court is not the ruling on the motion in limine, *Johnson v. State* (1985), Ind., 472 N.E.2d 892, but is the question of the court's ruling on any evidence submitted on the subject. *Bennett v. State* (1981), Ind., 423 N.E.2d 588. In the case at bar, no witness made any reference to the finding of guilt in the previous conviction.

During the examination of Lieutenant Cohee, the prosecutor asked the witness if he could tell the jury why it was necessary to have copies of photographs rather than the originals. The officer responded that the originals were tied up in court somewhere. No reference was made to the fact that they were tied up because of a prior prosecution nor was any mention ever made that appellant had been convicted

previously on this same charge. We see nothing in this record to indicate error arising from any improper mention of appellant's prior trial.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., not participating.