Megail ROBERTS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0301–CR–54.

Court of Appeals of Indiana.

Dec. 4, 2003.

---

6. Indeed, a separate covenant stated that no trailer shall be used as a residence.

Kathleen M. Sweeney, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Megail Roberts appeals his conviction of resisting law enforcement, a Class A misdemeanor.[1] He raises one issue, which is whether the lack of a trial transcript requires a new trial.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The recording equipment typically used to record trials failed to function at Roberts' trial. Pursuant to Ind. Appellate Rule 31,[2] the trial court certified as the Statement of the Evidence for Appeal affidavits from the court reporter, the public defender, the prosecutor and the judge.

According to the affidavits, Indianapolis Police Officers Poe, Reichle and Wellman went to 2026 Medford to serve an arrest warrant on Roberts. All were in uniform and driving marked police cars. Upon arriving at that address, the officers saw three or four people standing on the porch. The officers recognized one of them as Roberts. Roberts began to walk to the door of the house and the officers ordered him to stop. Roberts looked at the officers, then went into the house and shut the door. The other persons remained on the porch.

The officers informed the people on the porch that the officers would not leave until Roberts came out of the residence. One of those people convinced Roberts to come outside. Roberts was then arrested.

## DISCUSSION AND DECISION

Roberts argues that because there is no transcript, his constitutional right to substantive appellate review has been violated. He claims that even with the recollection of both defense counsel and the prosecutor, a comprehensive reconstruction and review is not possible, and he accordingly requests a new trial.

In *Emmons v. State*, 492 N.E.2d 303 (Ind.1986), voir dire was not recorded even after counsel asked that it be. Emmons argued the failure to record voir dire was an abuse of discretion and denied him access to appellate counsel. Our supreme court determined a new trial was necessary because reconstruction of the entire voir dire would have been a "Herculean task due to the numerous questions generally posed to a prospective jury panel." *Id.* at 305. The court also stated:

Refusal to record the voir dire proceedings therefore deprived Emmons of appellate review of the specific issue which concerned him and any other errors

---

**1.** Ind.Code § 35–44–3–3(a)(3).

**2.** That rule states in pertinent part:

If no Transcript of all or part of the evidence is available, a party or the party's attorney may prepare a verified statement of the evidence from the best available sources, which may include the party's or the attorney's recollection. The party shall then file a motion to certify the statement of evidence with the trial court or Administrative Agency.

which may have occurred. The underlying merits of these issues are of little moment when fundamental appellate rights have been denied by the trial court.

*Id.*

More recently, in *Kien v. State,* 782 N.E.2d 398, 405 (Ind.Ct.App.2003), *reh'g denied, trans. denied* 792 N.E.2d 47 (Ind. 2003), the sidebar conferences between the lawyers and the court were not recorded. We distinguished *Emmons,* following instead *Ben–Yisrayl v. State,* 753 N.E.2d 649, 660–661 (Ind.2001), *reh'g denied, cert. denied* 536 U.S. 918, 122 S.Ct. 2382, 153 L.Ed.2d 201 (2002). In *Ben–Yisrayl,* the court reporters, a record reconstruction specialist, and proofreaders were unable to completely reconstruct the entire trial proceedings, leaving gaps and errors in the transcript. In determining a new trial was not warranted, our supreme court noted that no flaw in the record, when viewed in context, was sufficient to relieve Ben–Yisrayl of his burden of making specific claims of error. *Id.* at 662. "In each instance the subject matter of the discussion is sufficiently obvious from the record preceding and following the cited deficiency to allow specific claims of error." *Id.* The court also noted that no material defects were found in the record.

■ In the case before us, the transcript is not incomplete due to gaps and errors but is instead nonexistent. However, in this relatively straightforward case, the affidavits of defense counsel and the prosecutor provide a sufficient record to permit our review.

■ Roberts contends that because other people were on the porch with him, it was not clear the officers were ordering him to stop. He also argues he showed no intent to flee, as he came out of the residence after being informed he was wanted by the police. The evidence as adduced from the affidavits indicates Roberts started to walk into the house and was ordered to stop. At that point, he made eye contact with the officers and walked into the residence. The fact that the other individuals on the porch had not moved indicates Roberts knew the officers were ordering him to stop. This is sufficient to support Roberts' conviction of resisting law enforcement.

The evidence here is relatively straightforward and not significantly in dispute. Here, as in *Kien,* "the information available is sufficient for the parties to argue the issues upon appellate review and for this court to make informed decisions." 782 N.E.2d at 406. The reconstruction of this record is not the "Herculean task" it was in *Emmons,* 492 N.E.2d at 305. As a result, Roberts' right to appellate review was not violated.

Affirmed.

BARNES, J., and DARDEN, J., concur.