**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**CHRISTOPHER J. HAMMERLE**
**CHRISTOPHER B. SERAK**
Jacob, Hammerle & Johnson
Zionsville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

FILED
May 06 2013, 9:21 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

BRYAN DELANEY,                    )
                                  )
    Appellant-Defendant,          )
                                  )
      vs.                        )    No. 06A01-1209-CR-435
                                  )
STATE OF INDIANA,                 )
                                  )
    Appellee-Plaintiff.           )

APPEAL FROM THE BOONE SUPERIOR COURT
The Honorable Matthew C. Kincaid, Judge
Cause No. 06D01-1011-FB-427

**May 6, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Bryan Delaney appeals the trial court's denial of his motion to withdraw a guilty plea. Delaney raises the following restated issue on appeal: whether the trial court properly denied his motion to withdraw his guilty plea. Concluding that the denial was within the trial court's discretion and that discretion was not abused, we affirm.

## Facts and Procedural History

In November 2010, Delaney was charged with sexual misconduct with a minor, as a Class B felony. Initially, Delaney pleaded not guilty. Later, a plea agreement was negotiated and was filed with the court on June 8, 2012. On June 26, 2012, the court conducted a plea hearing.

At the plea hearing, the court started by telling Delaney that it expected him to tell the court if he did not understand a question, and that he could speak with his lawyer at any time during the hearing. The court then proceeded to go over Delaney's Constitutional rights, and to each of these, Delaney stated that he understood his rights. The court then spoke to Delaney's crime and told him that:

> before you could be convicted of sexual misconduct with a minor the State of Indiana would have to prove all the material elements of the charge against you are true and I'm just going to go over that with you now. They would have to prove beyond a reasonable doubt that between January 15, 2010 and March 15, 2010 in Boone County, State of Indiana that you Bryan Delaney a person at least twenty-one years of age did perform or submit to sexual intercourse with a child victim, a child at least fourteen years of age but less than sixteen years of age to-wit: fifteen years of age. . . . If the State didn't prove all of that to be true you wouldn't be convicted of that offense. Do you understand that?

Transcript at 6. To which Delaney replied, "Yes sir Your Honor." Id. The court went over the possible sentences and fines for the crime. The court then asked Delaney

2

whether he had signed the agreement, read it before he signed it, and discussed it with his attorney. To all of these questions Delaney replied yes. The court went over the major terms of the plea agreement to make sure that Delaney understood them, and gave him a chance to tell the court if it had left out anything that was important to him. It asked him again if he had read and understood the agreement, to which he replied yes. The court then asked whether anyone promised him anything for pleading guilty or forced him to plead guilty, and Delaney answered no. The court asked him whether it was his own free choice, whether he was satisfied with the work of his lawyer, and whether he still intended to plead guilty. To all of those questions, Delaney replied yes.

Delaney was then sworn in in order for the court to establish a factual basis of his crime. Under oath, the following exchange occurred between Delaney, the court, and the prosecutor, Ms. Jennings:

> BY MS. JENNINGS: Judge if this matter were to proceed to trial the State would be in a position to prove beyond a reasonable doubt that during the time period of January 15th, 2010 to March 15th, 2010 here in Boone County, State of Indiana Mr. Delaney did have a romantic relationship with a juvenile who was fifteen years of age at the time. During that time period he did engage in sexual intercourse with that juvenile. Her initial's [sic] are A P and he did know that she was under the age of sixteen at that time Judge, thus committing the act of sexual misconduct with a minor as a class B felony.
> BY THE COURT: Mr. Delaney the Prosecutor just recited what she thinks the facts are and did she make any mistakes at all?
> BY DEFENDANT: No sir Your Honor
> BY THE COURT: Is everything she said true?
> BY DEFENDANT: Yes, that's correct.

Tr. at 15. The court then asked Delaney's counsel whether she saw any advantage to him proceeding to a jury trial on the charge, and she replied no. Delaney then pleaded guilty to the charge.

3

At the end of the hearing, the court took the plea under advisement, and scheduled a hearing for August 9. At the August 9 hearing, Delaney's attorney withdrew, citing a "breakdown in communication," and the hearing was rescheduled for September 5, 2012; the guilty plea remained under advisement. Tr. at 23. New counsel filed an appearance on August 10. On August 31, Delaney filed a motion to withdraw his guilty plea. On September 5, 2012, the court heard argument from each side regarding the motion to withdraw the guilty plea. The court then determined that the State would be substantially prejudiced if the court granted the motion and that Delaney had not shown that there would be any manifest injustice if the motion were denied, and denied the motion. The court sentenced Delaney to twelve years in the Department of Correction, with eight years executed and four years suspended to probation. This appeal followed. Additional facts will be supplied as necessary.

## Discussion and Decision

### I. Standard of Review

Indiana Code section 35-35-1-4(b) governs motions to withdraw guilty pleas. Jeffries v. State, 966 N.E.2d 773, 777 (Ind. Ct. App. 2012), trans. denied. In general, after a defendant pleads guilty but before a sentence is imposed, the defendant may move to withdraw a plea of guilty and the court may, in its discretion, grant the motion for any fair and just reason. Id. However, the court must deny the motion if the State would be substantially prejudiced by the withdrawal of the plea. Id. On the other hand, the court must grant the motion if withdrawal is necessary to correct a manifest injustice. Id. Therefore, to the extent that substantial prejudice or manifest injustice are not implicated, a grant or denial of the motion is within the discretion of the court.

4

There is a presumption in favor of a trial court's ruling on a motion to withdraw a guilty plea, and we will reverse a trial court only for an abuse of discretion. Id. In determining whether an abuse of discretion has occurred, we will examine statements by the defendant at the plea hearing to decide whether the plea was offered "freely and knowingly." Id.

## II. Motion to Withdraw Guilty Plea

### A. Substantial Prejudice

The State argues that it would be substantially prejudiced by withdrawal of Delaney's plea because the victim would be traumatized by a trial and because the plea proceedings have caused a delay that would hinder the State in putting on its case.

Regarding traumatization of the victim, we do not disagree that testifying at trial and recounting events can be a traumatic experience for a victim. However, that possibility does not substantially prejudice the State. A defendant has a right to a trial unless he properly waives it, and as Delaney succinctly states, "[t]he exercise of fundamental constitutional rights by a defendant should never in itself be defined as a 'substantial prejudice' to the State." Appellant's Reply Brief at 14. Further, it is not the withdrawal of the guilty plea itself that would potentially traumatize the victim, it is the trial—and any trauma related to going to trial would be no different where a plea was withdrawn than if there had been no plea agreement in the first place.

As for delay, we agree that significant delays could potentially cause substantial prejudice the State. As the State points out, witnesses' memories fade, and evidence can be degraded or lost over time. However, while it appears that there have been delays in this case, relatively little of that time is attributable to the plea agreement and Delaney's

5

motion to withdraw that plea. It was more than a year-and-a-half after Delaney was charged that the plea agreement was signed. From there, it was just two months before Delaney filed his motion to withdraw the plea. Even now, it is just six months past the court's denial of Delaney's motion and imposition of sentence. We cannot agree that this delay is significant enough to be a substantial prejudice to the State, and the State makes no specific argument as to any loss that has occurred in this case that would prevent it from now trying the case. The State cites no other reason why it might be substantially prejudiced by a withdrawal of Delaney's plea, and so we disagree with the trial court that the State would be substantially prejudiced by a grant of Delaney's motion. Because there was no substantial prejudice to the State, the trial court was not required to deny Delaney's motion.

### B. Manifest Injustice

While the trial court was not required to <u>deny</u> Delaney's motion because there was no substantial prejudice to the State, it would have been required to <u>grant</u> it if Delaney had shown that a withdrawal of his plea was necessary to correct a manifest injustice. Delaney argues that there is a manifest injustice in this case in that his plea was not knowingly or voluntarily made. We disagree.

At the plea hearing, the trial court questioned Delaney extensively about the plea. Delaney admits that the trial court "asked each of the questions required by prevailing case law to establish the knowing and voluntary nature of a tendered plea," but argues that the totality of the circumstances indicate that Delaney did not in fact fully understand the plea agreement or its implications. Appellant's Brief at 6. Delaney points to his assertion of innocence in his motion to withdraw the guilty plea, as well as the fact that

6

the attorney who represented him at the plea hearing later withdrew, citing a "complete breakdown in communication," as factors indicating that his answers at the plea hearing were given despite his lack of understanding regarding the proceedings and the plea. Id. at 7. Delaney argues that he did not understand everything he was waiving because he was not aware of a statutory defense—ignorance of the victim's age—until after the plea hearing, when he was questioned for a pre-sentence investigation ("PSI") report.

Delaney cites Allman v. State, 253 Ind. 14, 235 N.E.2d 56, 61 (1968), for the proposition that a defendant may be found to have lacked understanding of a guilty plea's implications even where the court fully explained the plea and waiver of rights. However, in Allman, the defendant was arrested and questioned without counsel, was then charged, was arraigned a few minutes after being charged and did not have counsel present at the arraignment, and entered a guilty plea at the arraignment. The facts of that case indicated that the trial court itself had some concerns about Allman's comprehension, as it ordered two doctors to assess his sanity. That same day, his family arranged for counsel to represent him and three days later counsel filed a motion to vacate the plea and enter a plea of not guilty by reason of insanity. Ultimately, the court denied the motion and found that Allman had been able, at the arraignment, to intelligently enter a guilty plea. Id. at 59. Our supreme court reversed the trial court's decision. Id. at 62.

Allman is quite different from the current case. Here, Delaney had counsel when he was offered the plea agreement. Almost three weeks passed between when the plea was signed and when the plea hearing was held, and at the hearing Delaney confirmed that he had read the plea and discussed it with his lawyer, and that he had no problems

7

with his lawyer's representation of him. The court thoroughly questioned Delaney's understanding of his rights and the plea agreement, and then the State presented an overview of what it was prepared to prove if the case should go to trial. Included in that was a statement about Delaney knowing the victim's age. Delaney confirmed, under oath, that the State had all of the facts correct. By the end of the plea hearing, we are convinced that Delaney knowingly and voluntarily waived his rights and chose to plead guilty, and was aware of the elements of the crime to which he was pleading guilty. It is not clear what more the trial court could have possibly asked Delaney at the hearing to further ensure he knowingly and voluntarily waived his rights, and Delaney does not argue that the court fell short. Delaney frames his argument to imply that he was thrown into the plea hearing unprepared and was not able to understand the gravity of his plea, and so blindly answered yes to the court's questions when he did not truly understand them. However, he had weeks in which to read the plea, think it over, and discuss it with his lawyer before the plea hearing took place.

Even if we believe that, by the time he got to the plea hearing—having had ample time to discuss with his attorney the plea and the crime to which he would be pleading guilty—he was unaware of a statutory defense regarding ignorance of the victim's age, we cannot say that this amounts to a manifest injustice. Delaney pleaded guilty after affirming under oath that the facts as presented by the State were true, including that he was aware of the victim's age. A later protestation of innocence based on a newly discovered defense does not require the trial court to grant a motion to withdraw a guilty plea. See, e.g., Carter v. State, 724 N.E.2d 281, 285 (Ind. Ct. App. 2000), trans. granted, opinion aff'd, 739 N.E.2d 126 (Ind. 2000) ("[W]here a trial court has followed the

8

procedures outlined in the guilty plea statutes, and where the defendant's guilty plea is knowing and voluntary, his later assertion of innocence does not require the trial court to set aside his guilty plea.") (citing cases). Moreover, the "discovery" of a possible defense, and Delaney's assertion of innocence are rooted in the PSI. The trial court found Delaney's statements in the PSI, which were not under oath, not to be credible, and we do not reweigh the evidence. See Weatherford v. State, 697 N.E.2d 32, 36 n.9 (Ind. 1998).

As for Delaney's claim that a breakdown in communication with his attorney points to a lack of understanding of the plea agreement, the record does not support this contention. There was no testimony from Delaney or his attorney regarding the attorney's withdrawal as counsel, or whether it related to a misunderstanding about the plea. At the plea hearing, Delaney affirmed that he had no problems with the attorney's representation of him. And while this attorney withdrew and cited a breakdown in communication as the basis for withdrawal, it was the second time that an attorney working with Delaney on this case had withdrawn and cited a breakdown in communication as the basis. We cannot make the leap that the breakdown in communication following the plea hearing indicates that Delaney did not knowingly waive his rights or agree to the plea agreement.

Because withdrawal of Delaney's plea was not necessary to correct a manifest injustice, denial of the motion to withdraw was within the discretion of the trial court, and the trial court did not abuse its discretion by denying the motion.

<u>Conclusion</u>

We conclude that Delaney's motion to withdraw his guilty plea implicated neither substantial prejudice nor manifest injustice, and that it was therefore within the discretion of the trial court to deny the motion. Concluding that Delaney offered his plea freely and knowingly and thus that the court did not abuse its discretion, we affirm.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.