BRADFORD, Judge,
dissenting.
While I agree with the majority that Officer Hasler’s search of Miller’s backpack was not justified by officer safety concerns or as part of an inventory search of the impounded car, I believe that it was supported by probable cause that contraband might be found within. Also, in addressing arguments not reached by the majority, I would conclude that Officer Hasler’s search did not violate the Indiana Constitution and that the trial court did not abuse its discretion in reopening the evidence at Miller’s suppression hearing.
■ I. Fourth Amendment
The State argues that Officer Hasler’s search of Miller’s backpack was justified pursuant to the automobile exception to the Fourth Amendment.
As a general rule, the Fourth Amendment prohibits warrantless searches, but there are exceptions to the warrant requirement. Black v. State, 810 N.E.2d 713, 715 (Ind.2004)....
The automobile exception was first applied in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). This exception was originally based on ready mobility and exigent circumstances. See Coolidge v. New Hampshire, 403 U.S. 443, 459-60, 91 S.Ct. 2022, 2034-35, 29 L.Ed.2d 564, 579 (1971). The United States Supreme Court later made. clear that separate exigent circumstances are not required for the automobile exception to apply because “[t]he mobility of automobiles ... ‘creates circumstances of such exigency that, as a practical necessity, rigorous enforcement of the warrant requirement is impossible.’ ” California v. Carney, 471 U.S. 386, 391, 105 S.Ct. 2066, 2069, 85 L.Ed.2d 406, 413 (1985) (quoting South Dakota v. Opperman, 428 U.S. 364, 367, 96 S.Ct. 3092, 3096, 49 L.Ed.2d 1000, 1004 (1976)); see also Maryland v. Dyson, 527 U.S. 465, 466-67, 119 S.Ct. 2013, 2014, 144 L.Ed.2d 442, 445 (1999) (“[T]he ‘automobile exception’ has no separate exigency requirement. ... [I]n cases where, there [is] probable cause to search a vehicle ‘a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not been actually obtained.’ ”) (quoting United States v. Ross, 456 U.S. 798, 809, 102 S.Ct. 2157, 2164-65, 72 L.Ed.2d 572, 584 (1982)); Pennsylvania v. Labron, 518 U.S. 938, 940, 116 S.Ct. 2485, 2487, 135 *1032 L.Ed.2d 1031, 1036 (1996) (“If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more.”). Furthermore, the exception is based not only on ready mobility but also on the lesser expectation of privacy with respect to automobiles, so that even where an automobile is not immediately mobile, a warrantless search may still be justified. Labron, 518 U.S. at 940, 116 S.Ct. at 2487, 135 L.Ed.2d at 1036.
In Dyson, the United States Supreme Court' held that police need not obtain a search warrant before searching a vehicle that they have probable cause to believe contains illegal drugs. The Court emphasized that the automobile exception “does not have a separate exigency requirement,” id., 527 U.S. at 467, 119 S.Ct. at 2014, 144 L.Ed.2d at 445, and that “[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment ... permits police to search the vehicle without more.” Id. (quoting Labron, 518 U.S. at 940, 116 S.Ct. at 2485, 135 L.Ed.2d at 1035-36).
Myers v. State, 839 N.E.2d 1146, 1150-51 (Ind.2005).
I believe that Officer Hasler had ample probable cause to search Miller’s vehicle and its contents, including the backpack. In eases where police detected the odor of burnt marijuana emanating from a motor vehicle, Indiana Courts, adhering to the majority rule, have consistently held that probable cause to search the ear existed. See, e.g., State v. Hawkins, 766 N.E.2d 749, 752 (Ind.Ct.App.2002) (“[W]e have no hesitation in deciding that when a trained and experienced police officer detects the strong and distinctive odor of burnt marijuana coming from a vehicle, the officer has probable cause to search the vehicle.”), trans. denied.
While recognizing that there is nothing in the record to indicate that Officer Has-ler detected the odor of burnt marijuana emanating from Miller’s vehicle, I would still conclude that, under the circumstances of this case, probable cause existed to search it for contraband. First and foremost, Officer Hasler detected the odor of burnt marijuana on Miller’s person, which raises a reasonable inference that he had smoked marijuana somewhat recently and might be in possession of contraband, either on his person or in the vehicle he recently exited.
Moreover, Miller’s actions before, during, and after the traffic stop were suspicious and raised a reasonable inference that his vehicle contained contraband. After Officer Hasler activated his lights, he noticed Miller “abruptly lean[ ] down as if he was reaching for something or doing something to the right side as he turned into the parking lot.” Tr. p. 7. After Miller quickly parked his vehicle, Officer Has-ler observed Miller “reach[ ] down as if he was reaching to the left side[.]” Tr. p. 7. When Officer Hasler approached Miller’s car on the passenger side and had reached the back quarter panel, Miller “abruptly exited the vehicle.” Tr. p. 8. Although Miller briefly returned to his vehicle when advised to by Officer Hasler, he exited again almost immediately when Officer Hasler started toward the passenger-side window. Miller sat down a third time in the vehicle, but, again, almost immediately exited as Officer Hasler started to walk around the rear of the vehicle. Officer Hasler advised Miller once to stay seated in the vehicle, but Miller exited almost immediately for a fourth time.
In my view, Miller’s actions also give rise to a reasonable inference that his vehicle contained contraband. Miller’s furtive actions before and after parking his vehicle are entirely consistent with a person se *1033 creting contraband that might otherwise be plainly visible to a person standing outside looking into the vehicle, as Officer Hasler was about to do. Miller’s refusal to remain in his vehicle, despite being advised to several times, also leads to a reasonable inference that there was something within that he did not want Officer Hasler to see or otherwise become aware of. In short, Miller seemed to being doing everything he could to keep Officer Hasler away from his vehicle.[2] Miller’s actions, along with the odor of marijuana emanating from his person, provided ample probable cause to search his vehicle and containers within for illegal drugs. It is not relevant to our analysis that Officer Hasler believed that his search of Miller’s backpack was justified as an inventory search. Officer’s Has-ler’s subjective beliefs, quite simply, have no legal effect. See, e.g., Moffitt v. State, 817 N.E.2d 289, 246 (Ind.Ct.App.2004), tram, denied. I believe that objective probable cause existed to search the backpack, and so Officer Hasler’s search, whatever his stated justification, was constitutional.
II. Article I, Section 11
I would also conclude that the search of Miller’s backpack did not violate Article I, Section 11, of the Indiana Constitution, which provides that
[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.
The Indiana Supreme Court has noted that
[w]hile almost identical in wording to the federal Fourth Amendment, the Indiana Constitution’s Search and Seizure clause is given an independent interpretation and application. Mitchell v. State, 745 N.E.2d 775, 786 (Ind.2001); Baldwin v. Reagan, 715 N.E.2d 332, 337 (Ind.1999); Moran v. State, 644 N.E.2d 536, 540 (Ind.1994). To determine whether a search or seizure violates the Indiana Constitution, courts must evaluate the “reasonableness of the police conduct under the totality of the circumstances.” Litchfield v. State, 824 N.E.2d 356, 359 (Ind.2005) (citing Moran, 644 N.E.2d at 539). “We believe that the totality of the circumstances requires consideration of both the degree of intrusion into the subject’s ordinary activities and the basis upon which the officer selected the subject of the search or seizure.” Id. at 360. In Litchfield, we summarized this evaluation as follows:
In sum, although we recognize there may well be other relevant considerations under the circumstances, we have explained reasonableness of a search or seizure as turning on a balance of: 1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizens’ ordinary activities, and 3) the extent of law enforcement needs.
Id. at 361.
Myers v. State, 839 N.E.2d 1146, 1153 (Ind.2005).
*1034 Although Officer Hasler’s stated reason for searching Miller’s backpack was concern for his safety, there was nonetheless a relatively high degree of suspicion that a criminal violation had occurred. Miller was acting suspiciously, repeatedly failing to heed Officer Hasler’s requests that he remain in his vehicle, and he smelled of burnt marijuana. Miller seemed to be very intent on keeping Officer Hasler away ¡from this vehicle, raising suspicion that it might contain contraband. See, e.g., Edmond v. State, 951 N.E.2d 585, 592 (Ind.Ct.App.2011) (concluding that degree of suspicion weighed in State’s favor where there was probable cause to believe illegal drugs were present). The degree of intrusion into Miller’s activities was slight. Officer Hasler’s search of Miller’s backpack was not invasive or humiliating, did not involve searching his person, and apparently did not lengthen his detention appreciably. Finally, I would conclude that the extent of law enforcement needs was high enough to weigh in the State’s favor as well. While I agree that Officer Hasler did not have sufficient justification to search the backpack for officer safety reasons, there was ample reason to believe that it might have contained illegal drugs, in whose removal from the streets police have an obvious interest. Under the totality of the circumstances, I would conclude that Officer Hasler’s search of Miller’s backpack was reasonable pursuant to Article I, Section 11.
III. Reopening the Evidence on the Motion to Suppress
Finally, Miller contends that the trial court abused its discretion in allowing the State to reopen its evidence and present additional testimony from Officer Hasler at the suppression hearing.
[T]he granting of permission to reopen a case is within the discretion of the trial court and the decision will be reviewed only to determine whether or not there has been an abuse of that discretion. Gorman v. State (1984), Ind., 463 N.E.2d 254, 257. Among the factors which weigh in the exercise of discretion are whether there is any prejudice to the opposing party, whether the party seeking to reopen appears to have rested inadvertently or purposely, the stage of the proceedings at which the request is made, and whether any real confusion or inconvenience would result from granting the request. Flynn v. State (1986), Ind., 497 N.E.2d 912, 914. Two conditions must be shown to exist to justify a court of appellate jurisdiction in setting aside a ruling made by a trial court in the exercise of judicial discretion: 1) the action complained of must have been unreasonable in light of all attendant circumstances or it must have been clearly untenable or unreasonable; and 2) the action was prejudicial to the rights of the complaining party. Flynn, 497 N.E.2d at 916, citing Allman v. State (1968), 253 Ind. 14, 19-20, 235 N.E.2d 56, 59.
A party should be afforded the opportunity to reopen its case to submit evidence which could have been part of its case in chief. Gorman, 463 N.E.2d at 257. Given [a] claim of insufficient evidence, “the State should have had an opportunity to supply such insufficiency or reopen the case for that purpose, even after it had rested, since a trial is not a game of technicalities, but one in which the facts and truth are sought.” Eskridge v. State (1972), 258 Ind. 363, 369, 281 N.E.2d 490, 493.
Ford v. State, 523 N.E.2d 742, 745-46 (Ind. 1988).
I would conclude that the trial court did not abuse its discretion in allowing the State to reopen its evidence and present further testimony from Officer Hasler. In so concluding, I find the preliminary stage of the litigation to be dispositive. Because *1035 a pretrial suppression proceeding determines nothing with finality and retains no viability once the case goes to trial, the State could have simply introduced the additional evidence at that point if the trial court had denied its pretrial request.
Once the matter proceeds to trial, the question of whether the trial court erred in denying a motion to suppress is no longer viable. See Beverly v. State, 801 N.E.2d 1254, 1260 n. 5 (Ind.Ct.App. 2004), trans. denied; Packer v. State, 800 N.E.2d 574, 578 (Ind.Ct.App.2003), trans. denied; Washington [v. State], 784 N.E.2d 584, 586 [ (Ind.Ct.App.2003]. The logic behind this rule is that ‘“a ruling upon a pretrial motion to suppress is not intended to serve as the final expression concerning admissibility.’ ” Joyner v. State, 678 N.E.2d 386, 393 (Ind.1997) (quoting Gajdos v. State, 462 N.E.2d 1017, 1022 (Ind.1984)). In other words, the preliminary ruling on the defendant’s motion to suppress is subject to modification at trial. Id.
Kelley v. State, 825 N.E.2d 420, 424 (Ind. Ct.App.2005). Given that the State could just have presented Officer Hasler’s testimony at trial had the trial court denied its request to reopen its evidence, it would have made little sense to do so. I would therefore conclude that the trial court did not abuse its discretion in this regard.
CONCLUSION
I would conclude that Officer Hasler’s search of Miller’s backpack violated neither the Fourth Amendment of the United States Constitution nor Article I, Section 11, of the Indiana Constitution. I would further conclude that the trial court did not abuse its discretion in allowing the State to reopen its evidence at the suppression hearing. Consequently, I would affirm the trial court in all respects and must therefore respectfully dissent.

. It is also worth noting that had Miller stayed seated in his vehicle as advised, Officer Hasler would likely have first detected the odor of marijuana emanating from within the vehicle, which would have unquestionably justified a search of the vehicle and its contents. As such, ruling in Miller’s favor would be, in effect, to reward him for refusing to cooperate with law enforcement, an outcome I cannot endorse.